P. H. WILSON ET AL. *v*. TAYLOR & SON ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—437.]

**Trustee's Sale by Direction of Chancellor.**

A sale by a trustee under authority of the chancellor for more than two-thirds of the value of the estate will not be disturbed in the absence of fraud or facts showing unfairness equivalent to fraud, and the title under such a sale will pass to the purchaser.

APPEAL FROM CAMPBELL CHANCERY COURT.

November 2, 1882.

OPINION BY JUDGE PRYOR:

The appellant in this case had placed in the hands of his trustee all of his estate, both real and personal, for the payment of his debts, with the power on the part of the trustee to sell and convey any of his estate for that purpose. The trustee being disinclined to administer the trust without the advice of the chancellor, filed a petition in equity asking to be allowed to sell and dispose of the estate. The chancellor directed a sale of the entire trust estate to satisfy the demands of creditors due and not due, and a sale was made of a part of the real estate to satisfy a mortgage due Taylor and purchased by the appellant Root. The trustee is not appealing, and the power of the chancellor over the trust estate can not be successfully questioned. The property purchased by Root was val-

ued and the latter bid more than two-thirds of its value. The sale can not, therefore, be disturbed in the absence of fraud or facts conducing to show unfairness equivalent to fraud. The policy of selling the property at the time and manner in which it was sold might be doubtful, but the chancellor having the jurisdiction to sell, the title passed to the purchaser. There was no fraud in the sale. The purchaser acted in good faith and the proof as to the inadequacy of price would not have authorized a defendant to redeem under a sale made by virtue of an ordinary execution. The appellant can accomplish nothing by a reversal as Taylor's mortgage included the right of a homestead and dower. The purchaser will hold the property and the judgment is, therefore, *affirmed*.

*Geo. B. Hodge, for appellants.*

*Wm. Lindsay, for appellees.*