G. C. SLAUGHTER'S GDN. *v.* J. H. GRAHAM'S EXR.

[Abstract Kentucky Law Reporter, Vol. 5—324.]

**Posting of Notices of Sale by Officer.**

> Where the marshal is directed by the decree to advertise a sale by posting a notice on the courthouse door and one "on or near" the premises to be sold, a return is sufficient which shows the posting

on the court-house door and one "on or near" the premises, without
stating the exact place where such last posting was made.

**Inadequacy of Price.**

Mere inadequacy of price will not authorize a sale to be set aside
unless it is so great as to import fraud.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 30, 1883.

OPINION BY JUDGE HINES:

The eight assignments of error may be reduced to three heads of
complaint, to-wit:

1. That the land sold to pay the mortgage debt was not adver-
tised as directed by the decree.

2. That the price for which the land sold was inadequate.

3. That appellee, the purchaser, did not execute bond.

As to the first point, the decree directed the marshal to adver-
tise the sale by posting a notice on the courthouse door and one
"on or near the premises" to be sold. The marshal returned that
he had advertised by posting notice on the courthouse door and
"one on or near" the property. The first complaint seems to be
that the return "on or near" is not a compliance with the decree, but
that in order to comply the marshal should have returned whether
the posting was one or the other "on or near". If the posting was
either on or near the property it was a compliance, and that it was
either one or the other the return sufficiently shows. In the second
place appellant complains that the evidence shows there was no
posting on or near the premises. In answer to this it is sufficient
to say that there is no evidence in the record impeaching the return.
There are certain affidavits stating that no notice was posted as re-
turned, but there is nothing to show that these affidavits were read
on the hearing of the motion to set aside the report of sale, there
is no order filing them, nor is there anything to show whether there
was other evidence heard on that motion. Only a portion of the
record is here and therefore it is impossible for us to say what evi-
dence was heard, but in such case we must presume that the evi-
dence before the court was not sufficient to overturn the report
of the marshal, if it might be attacked in this way at all, a point
not necessary to decide.

The second complaint that the sale ought to be set aside because of inadequacy of price is not well taken. Mere inadequacy of price will not authorize such a sale to be set aside unless it is so great as to import fraud. *Stump v. Martin,* 9 Bush (Ky.) 285. In this case the property sold for $6,020 when the affidavits filed show it to have been worth from $12,000 to $13,000, but there was nothing else to show that a resale would yield more as there was no advanced bill tendered.

The third objection that the purchaser did not execute bond can avail appellant nothing. The purchaser, appellee, bought the property for much less than his debt which was, as to appellant, a prior lien on the land. She has no right to complain as she is in no way interested in the proceeds of the sale.

Judgment *affirmed.*

*J. Rowan Boone, for appellant.*

*C. B. Seymour, for appellee.*