## Conclin, et al. v. Grand Central Savings & Building Association.

(Decided June 14, 1911.)

Appeal from Campbell Circuit Court.

1. Judicial Sales—Mortgage Lien—Postponement of Sale—Where the mortgage debt is a large one and no interest has been paid thereon for two years, it is not an abuse of discretion on the part of the chancellor to refuse to postpone the sale of the mortgaged property merely because if divided into lots and sold at some indefinite time in the future it might bring a larger sum.

2. Inadequacy of Price—Mere inadequacy of price is not in itself sufficient to justify the setting aside of a judicial sale.

3. Non-resident Bond—A judicial sale is in no wise affected by a failure to execute bond to two non-resident defendants where any one of them entered her appearance to the action and it is admitted that the other had no interest in the property ordered to be sold.

4. Pleading—Refusal to File Amended Answer—It is not error to refuse the filing of an amended answer which simply pleads an admitted fact and also asserts that the mortgage debt bears five per cent. interest instead of six where the judgment is amended so as to bear interest at the rate claimed in the amended answer.

5.  Notice—Want of—Where a party gets what he asks, he is not prejudiced by want of notice.

JOHN S. ROEBUCK for appellants.

JAS. C. & B. A. WRIGHT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

William Conclin, Sr., was the owner of two adjoining tracts of land, one of ten acres and the other of four acres, situated in the District of Highlands, Campbell County, Kentucky. On October 10, 1904, he borrowed from appellee, Grand Central Savings and Building Association, the sum of $7,500, for which he executed his note, payable one year after date, with interest thereon at the rate of six per cent per annum until paid. At the same time, in order to secure the payment of the note, he executed and delivered to appellee a mortgage on the two tracts of land referred to. The interest on the mortgage note was paid up to August 11, 1908. On May 5, 1905, he borrowed an additional sum of $500 from appellee and executed his note therefor. To secure this note he also executed and delivered to appellee a mortgage on the same two tracts of land. There was paid upon his note the sum of $5.13 and interest thereon up to March 1, 1910.

On August 2, 1907, William Conclin, Sr., died, intestate, in Campbell County, and left surviving him as his only heirs at law four children, to-wit: David B. Conclin, Charles F. Conclin, Mary E. Conclin and Walter L. Conclin, and one grandchild, Edith Conclin, who was the daughter and only child of William Conclin, Jr., a son of the decedent, who died before the latter. William Conclin, Jr., also left a widow, Carrie Conclin. The only property which William Conclin, Sr., had at the time of his death was the two tracts of land mortgaged to appellee. Having left no personal estate, no administration was had.

On August 19, 1910, appellee, Grand Central Savings and Building Association, brought this action to enforce its mortgage lien. To this action Charles F. Conclin, David B. Conclin, Mary E. Conclin, Walter Conclin, Edith Conclin and Carrie Conclin were made parties defendant. The first four were served with

summons on August 30, 1910. Edith Conclin and Carrie Conclin were proceeded against by warning order on August 19, 1910. On October 26, 1910, appellants, Charles F. Conclin, David B. Conclin, Mary E. Conclin, Walter S. Conclin and Edith Conclin filed a petition in the same court asking for a settlement of the estate of William Conclin, Sr., and for a sale of the two tracts of land mortgaged to appellee, and for a distribution of the proceeds, after the payment of decedent's debts, among them. It was charged in this petition that William Conclin, Sr., at the time of his death, owned no personal estate, and that the only property he did own was the two tracts of land referred to. The debt of appellee was admitted, as well as the lien to secure the same. It was also charged that decedent owed no other debts at the time of his death, except certain sums for taxes and interest advanced by David B. Conclin and Charles F. Conclin. It was further charged that the land was suitable for building lots and could be divided into a large number of lots; that if sold immediately it would not bring its real value, but if divided into lots and put upon the market a few months later there would be a greater demand for such property, and it would easily realize its full value of $15,000. Upon motion of the plaintiffs in that action, it was consolidated with the action brought by appellee, and the plaintiffs' petition was taken as their answer and cross petition.

Upon motion of appellee, judgment was entered in its favor on November 5, 1910, and the property ordered to be sold on November 23. The property was sold on that date and appellee became the purchaser at the price of $9,100. It developed, however, that one of the appraisers of the property was a shareholder in appellee corporation, and for this reason the sale was set aside.

Prior to the sale, and on November 12, 1910, appellants tendered an amended answer and cross petition, wherein they charged that Carrie Conclin was not an heir of William Conclin, Sr., and had no interest whatever in his estate. They also denied that William Conclin, Sr., promised to pay appellee six per cent. interest on the $7,500 loan, instead of five per cent., the true sum fixed by the mortgage. The court declined to permit this amended answer and cross petition to be filed.

On December 31, 1910, a second order of sale was entered, directing the property to be sold on January 18, 1910. The regular master commissioner having declined to act, Ellsworth Regenstein was appointed commissioner and executed proper bond. The second order of sale directed a sale of so much of the property as was necessary to pay appellee's debt, interest and costs. It further directed that the property be offered first in separate tracts and then as a whole, and that the best bid be accepted. The sale took place on January 18, 1911, and appellee became the purchaser of both tracts at the price of $8,950. Numerous exceptions were filed to this sale, and overruled; hence this appeal.

It will be unnecessary to consider any of the matters relating to the first sale, as that sale was set aside.

The second sale took place about five months after the action was instituted. The court did not abuse its discretion in ordering the sale at that time. No interest on the $7,500 note had been paid since August 11, 1908. Appellee's debt then was constantly increasing. While appellants charged in their petition that the property would bring more if divided into lots and sold at a later time, no one has offered an increased bid over the purchase price, and that the property would bring more if the sale was postponed is too uncertain to constitute a valid ground for setting aside the sale. A mortgagee whose debt is a large one, and the interest thereon has not been paid for two years, should not be required to wait an indefinite length of time before the property is ordered sold, merely because it may possibly turn out that the mortgaged property would bring a better price.

Appellants have offered several affidavits to the effect that the property sold was really worth from $15,000 to $18,000. None of the affidavit makers, however, were bidders at the sale, nor have any of them offered an increased bid over the purchase price. Besides, it is well settled by a long line of decisions, that mere inadequacy of price is not of itself sufficient to justify the setting aside of a judicial sale. Stump v. Martin, 9 Bush, 285; Bean, et al. v. Haffendorfer Bros., 84 Ky., 685; Rudd, et al. v. Turner, et al., 142 Ky., 2.

The failure of the court to require a bond to the non-resident defendants before ordering a sale of the

property in no wise affected the sale, because Edith Conclin entered her appearance by uniting as one of the plaintiffs in the action to settle her grandfather's estate, and it is admitted that Carrie Conclin had no interest in the estate because her husband, the son of William Conclin, Sr., died before his father.

The court did not err in refusing to permit appellants' amended answer and cross petition to be filed; it already appeared from the record that Carrie Conclin had no interest in the estate of William Conclin, Sr., and the judgment was amended so as to make the debt bear interest at five per cent. instead of six per cent. The fact that the amendment was made without notice to appellants furnishes no ground of complaint, for where a party gets precisely what he asks, he loses nothing by want of notice.

As appellants admitted appellee's debt, and the lien by which it was secured, and as the only other debt against decedent's estate was certain sums advanced by two of the appellants for taxes and interest, about which there was no controversy, we fail to see wherein the appellants were prejudiced by the failure of the court to refer the case to the master commissioner for the purpose of hearing and reporting on claims.

Judgment affirmed.