## Hazel v. Buckner, et al.

(Decided April 29, 1914.)

### Appeal from Daviess Circuit Court.

1. Judicial Sales—Grounds for Setting Aside—Inadequacy of Price—. Additional Circumstances—When Sufficient.—While mere inadequacy of price, or the offer of an advanced bid, are not sufficient grounds for setting aside a judicial sale, yet where the price is grossly inadequate, only slight additional circumstances are necessary.

2. Judicial Sales—Grounds for Setting Aside—Inadequacy of Price—Additional Circumstances—Sufficiency.—Where the purchase price of property sold at a judicial sale is very much less than the property is actually worth, and one of the parties to the action relies on his attorney's being present and representing him at the sale, but the attorney, because of illness, is unable to be present, it is not error to set the sale aside.

BIRKHEAD & WILSON for appellant.

MILLER, SANDIDGE & MALIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On January 5, 1910, plaintiffs, E. B. Anderson, Assignee of the Daviess County Bank & Trust Company, E. G. Buckner and the Home Building Planing Mill Company instituted this action in the Daviess Circuit Court against the Kenyon Realty Company and others for the purpose of enforcing certain liens on the property of that company, secured by issues of first and second mortgage bonds. On December 20, 1912, final judgment was rendered awarding W. S. Hazel $9,500, with interest, on account of first mortgage bonds held by him, and $4,340, with interest, on account of second mortgage bonds. By the same judgment the Home Building Planing Mill Company recovered $620 with interest, and E. G. Buckner $2,400 with interest, on account of certain second mortgage bonds held by them. Other creditors of the company recovered judgments for amounts due them. All the debts of the defendant Kenyon Realty Company were secured by liens on certain real estate known as the Kenyon Flats. The aggregate sum for which judgment was rendered was $23,605.95. W. S. Hazel was the president of the Kenyon Realty Company, and had entire control of its property. He

also owned 60 per cent of the capital stock of that company.

Pursuant to the judgment the master commissioner offered the property for sale on January 20, 1913. W. S. Hazel purchased the property for $13,995.26, and executed bond, as required by the judgment. At the following February term of the court the sale was reported. In proper time plaintiffs, E. G. Buckner and Home Building Planing Mill Company, filed exceptions and asked that the sale be set aside on the following grounds: (1) Gross inadequacy of price; (2) because they relied on their attorney being present and representing them at the sale, and of his inability to be present on account of sickness; (3) because the appraisement was very much lower than the actual value of the property. When the exceptions were filed plaintiff E. G. Buckner filed his written offer to bid not less than $17,000 for the property if re-sold, and to purchase same at that sum if no higher bid should be made. He also offered to execute bond to secure the performance of this agreement. Evidence being heard on the exceptions, the court set aside the sale and ordered a re-sale of the property. Buckner, as required by the court, executed proper bond obligating him to bid $17,000 for the property at a re-sale, and to purchase same at that price if there was no higher bid. The purchaser, W. S. Hazel, appeals.

According to the testimony for Buckner and the planing mill company, they fully expected Mr. Miller, their attorney, to be present and represent them at the sale. Mr. Miller, however, became ill on December 16, 1912, and was confined to his home until January 29, 1913. He then went to Battle Creek, Michigan, for treatment and rest. He did not return from Battle Creek until the following February, and even then was not able to attend to business for some time. It appears that on December 28, 1912, Mr. Malin, who was looking after Mr. Miller's business, wrote to Buckner and the planing mill company, advising them that Mr. Miller was not able to be at his office on that day, and had requested him to advise them that the property was advertised to be sold on January 20, 1913. The president of the planing mill company was also absent on the day of the sale. The evidence further shows that the gross income from the property was about $350 a month, while the net income was from $2,200 to $2,500

a year. A number of witnesses valued the property at between $20,000 and $25,000.

While it has long been the settled law of this state that a judicial sale will not be set aside for mere inadequacy of price, or because of a mere offer, accompanied by a sufficient bond, to bid more for the property in the case of a re-sale; Conclin, &c. v. Grand Central, &c., Ass'n., 144 Ky. 237; Harris v. Gunnell, 10 Ky. L. R. 419; yet we have frequently held that where the purchase price is very much less than the real value of the property, only slight additional circumstances are required to make it the duty of the chancellor to set aside the sale. The rule has been frequently applied where a party to the action has been prevented by casualty and misfortune from taking steps to avoid a sacrifice of the property involved. Bean v. Haffendorfer, 84 Ky. 685; Columbia Finance & Trust Co. v. Bates, 74 S. W. 248. Counsel for Hazel, however, insist that the additional circumstances are not sufficient in this case. This contention is based on the fact that Mr. Malin advised Buckner of the illness of his attorney, and at the same time notified him of the date of the sale. It is therefore argued that Buckner was apprised of the fact that his attorney would not be able to represent him at the sale. The letter, however, does not justify this conclusion. The language employed is as follows: "Today he is not able to be at his office, and he asked me to advise you that the sale would be on the 20th of January." At the time the letter was written it was fully expected that Mr. Miller would soon return to his office. There is no intimation in his letter that Mr. Miller would not be able to attend the sale, or suggestion that Buckner had better get someone else to represent him at the sale. At the time of the sale Buckner lived in Wilmington, Delaware. He says that he fully expected Mr. Miller to be present and represent him at the sale. Relying upon this fact he did not ask anyone else to represent him. Mr. Miller, on account of illness, was not present. As the property brought at the sale only $13,995.26, and as the evidence shows that it was reasonably worth at least $20,000, we think the additional circumstances are sufficient to sustain the action of the chancellor in setting the sale aside.

Judgment affirmed.