## Diederich v. Womack et al.

(Decided March 10, 1931.)

L. D. BRUCE and C. H. BRUCE for appellant.

DYSARD & TINSLEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Several years ago N. W. Womack, a resident of Greenup county, died leaving a widow and ten children. After the death of the widow Fannie Diederich, one of the heirs, and her husband brought this suit against the other heirs for a sale of certain real estate owned by their father, and a division of the proceeds. The land consisted of three tracts and the ground on which the sale was sought was that it could not be divided without materially impairing its value. Judgment was duly entered directing a sale of the land. The commissioner was directed to sell the tracts separately and then as a whole and accept the better bid. When offered in separate tracts, W. P. Lyons was the highest bidder on one tract, Ben W. Kaut the highest bidder on another tract, and one of the defendants the highest bidder on the third

tract. When offered as a whole, the defendants, some of whom were nonresidents, made a bid of $5,700, which was higher than the aggregate of the separate bids. This bid was made on their behalf by Mr. McKenzie, who was associated with the law firm of Dysard & Tinsley. This bid was accepted by the commissioner and the sale reported to the court. Mrs. Diederich excepted to the sale and the exceptions were overruled. She appeals.

The exceptions are based on inadequacy of price and irregularity attending the sale. In support of the exceptions, there were filed the affidavits of W. P. Lyons and Ben W. Kaut, each stating that the land was worth double the amount it brought at the sale, and offering in case the property was ordered resold to make an opening bid of $11,400. Together with these affidavits they filed their joint affidavit reading as follows:

"Comes now Ben W. Kaut and W. P. Lyons and state that they were present on September 1st, 1930, at the sale of the land as described in plaintiff's petition, and that after each bidding on some of the real estate as a single parcel they were influenced and prevented from bidding on said land as a whole by a man at the sale whom they understood and believed was a young lawyer from the office of Dysard & Tinsley, which attorneys represented defendants, who said in the presence and hearing of each of these affiants these words, or in substance, 'That bid was for the nine heirs' which these affiants understood to mean that the property was then sold to the nine defendant heirs and it would be useless for them to bid further, and was therefore prevented from bidding what the property was reasonably worth or the amount they now tender to the court."

There were counter affidavits to the effect that Kaut and Lyons were both present at the sale, and that each of them bought one of the tracts when offered separately; that when the property was offered as a whole Kaut said, "I see how it is now, that is the reason they did not bid very high a while ago," and, "Well they are bucking on us."

It has long been the settled rule in this state that a judicial sale will not be set aside for inadequacy of price unless accompanied by some irregularity in the proceed-

ings or other circumstances conducing to show that the sale was unfair. Conclin v. Grand Central Savings & Building Association, 144 Ky. 237, 138 S. W. 312; Smith v. Holowell, 201 Ky. 271, 256 S. W. 408. The only circumstance relied on besides inadequacy is the statement contained in the joint affidavit of Kaut and Lyons that the attorney representing the defendants stated in their hearing, "That bid was for the nine heirs," which they understood to mean that the property was then sold to the nine defendants, and that it would be useless for them to bid further. How the affiants could have been misled by the statement, or have been induced to believe that it would be useless for them to bid further, it is impossible to see. Merely stating that a certain bid was that of certain parties was entirely proper, and any inference from the statement that the property had actually been purchased by the bidders is too far-fetched to be taken seriously. Kaut and Lyons were there bidding on the property, and if they had cared to bid further they could have done so. Having been present at the sale, and there being no showing of any accident, mistake, surprise, or casualty preventing their bidding, their willingness to do now what they were unwilling to do at the sale affords no ground for setting the sale aside. Alms & Doepke v. Shackelford, 32 S. W. 1088, 17 Ky. Law Rep. 908.

Judgment affirmed.