## Levassor v. Central Savings Bank & Trust Co. of Covington.

(Decided May 16, 1933.)

GRISCHY & GRISCHY for appellant.
MACKOY & MACKOY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In October, 1919, Louis E. Levassor and his wife, Virginia Levassor, executed and delivered to the Central Savings Bank & Trust Company of Covington, Ky., a mortgage on certain real estate in the city of Covington, Ky., for the purpose of securiang a loan of $12,000

by the bank to Levassor. Thereafter, in April, 1920, Levassor conveyed the same property to Levassor Realty Company, subject, however, to the mortgage. Thereafter the realty company subdivided the property and sold a number of lots, and in the deeds to its grantees it imposed certain restrictions upon the property sold. The restrictions provided, among other things, that the property was to be used for residential purposes only, and no business buildings should be erected thereon for a period of 25 years from date, and fixed $10,000 as the minimum cost of any house erected thereon, and required all houses to be erected a minimum distance of 30 feet from the street.

Louis E. Levassor died, leaving a will in which he designated and appointed his wife, Virginia Levassor, executrix of his estate.

The Central Savings & Trust Company, the mortgagee, instituted this suit in the Kenton circuit court for the purpose of foreclosing its mortgage in satisfaction of the indebtedness. No defense was made to this action, and the court rendered judgment and ordered the property sold in satisfaction of the indebtedness. The order of sale was the usual form, and made no reference to the restrictions imposed in the deeds of the Levassor Realty Company to its grantees. The court's commissioner sold the property as directed by the order of sale, and the bank, plaintiff below, became the purchaser thereof, at the purchase price of $9,000, two-thirds of its appraised value. At the time of the sale, the master commissioner read and announced the restrictions imposed by the deeds of the Levassor Realty Company. This announcement was made pursuant to request of general manager and secretary of the Levassor Realty Company, to which counsel for Virginia Levassor says he objected. The appellant, Virginia Levassor, filed exceptions to the sale, and insisted that same be set aside, and assigned as her reason therefor that the announcement of the restrictions by the commissioner was improper and prejudicial to her substantial rights, and insisted that it is probable that the property would have produced a larger purchase price at the sale but for the improper conduct of the commissioner in announcing these restrictions. The exceptions were overruled, and this appeal results.

It is insisted for appellant that, these restrictions

having been imposed in the deeds by the Levassor Realty Company, whose title was subsequent to the mortgage executed to the bank by Levassor, such restrictions were not binding upon the bank or any one desiring to purchase the property at the sale. It is conceded that these restrictions were not binding on the bank nor any purchaser at the sale. There is no controversy on this question.

The question to be determined is whether or not the conduct of the master in announcing the restrictions imposed in the deeds by the realty company prevented any one from offering a higher bid than the bid which was offered and accepted. In support of the exceptions filed to the sale, Oscar P. Grischy, attorney for the appellant, Virginia Levassor, executrix, filed his affidavit, in which he stated that the master commissioner read and announced the restrictions contained in the deed referred to, and announced that each of said lots would be sold subject to said restrictions, and that he (Grischy) then and there objected to the announcement of the restrictions.

In response to the motion and the affidavit of Grischy, appellees filed counter affidavits of five people who were present at the sale. The master commissioner, Roy Steinfort, stated that, just before offering the property for sale, Ben A. Adams of the Levassor Realty Company handed him the restrictions and asked him to read them, and that he, the master, read the restrictions, but made no comment whatever regarding them being binding or regarding any purchaser being bound thereby. He further stated that Mr. Grischy heard Mr. Adams talking to him about reading the restrictions, and did not object before they were read, nor immediately thereafter, but some time during the progress of the sale, Mr. Grischy, in private conversation with him and others, did remark that it was improper to read the restrictions, and said that the whole thing was illegal and would be set aside. He further stated that Dr. Theo. Sallee and Mrs. William Zuflecht offered bids of $400 per lot separately, which was about $8 per front foot. His affidavit recites that he is filing the affidavit of Mrs. Zuflecht showing that the reading of the restrictions did not influence them or keep them from bidding a higher price for the property. However, Mrs. Zuflecht's affidavit does not appear in this record. The

master further stated that he did not believe that the reading of the restrictions in any way influenced the mind of the buyer or the other bidders or prospective bidders, whatever. Other affidavits filed were those of Harry B. MacKoy, Martin Holman, Ben A. Adams, and Frank Broering, in which they each respectively stated that they were present at the sale and were standing within a few feet of the master commissioner during the progress of the sale and heard the restrictions read, but that the master commissioner did not announce that any of the lots or any portion of the property being offered for sale were to be sold under the said restrictions; that the master made no comment whatever, further than to announce that the restrictions were read at the request of Mr. Adams. These affidavits all contradict the affidavit of Mr. Grischy and corroborate the affidavit of the master commissioner. They all stated in substance that they did not hear Mr. Grischy make any objections to the reading of the restrictions until after they had been read. The commissioner and all the other affiants stated that Virginia Levassor, defendant below, was represented at said sale by her attorney, Mr. Grischy, and the Levassor Realty Company was represented by Mr. Adams, its secretary and manager, and neither Mr. Grischy, in behalf of his client, nor any representative of the realty company, offered to bid on said real estate, and that they (affiants) believe that the sum of $9,000 was a reasonable market value of said real estate as an entirety. They stated the sum of $9,000 represented a price of approximately $20 per front foot; and that the bids offered on the lots separately did not exceed $8 per front foot. However, it may not be material whether or not the commissioner announced that the property was being sold subject to the restrictions. A mere reading of the restrictions might have been sufficient to have warranted the inference that the restrictions would be or were binding upon the purchasers at the sale. The question is whether or not the reading of these restrictions influenced any bidder or prospective bidders in their bids on the property.

The chancellor who tried the case and heard this motion was in a position to better judge and weigh the issue of fact and determine whether or not in the circumstances the rights of appellants were prejudicially affected by the conduct of the master in reading these

restrictions. Inasmuch as the restrictions were not binding upon the mortgagee or its vendees, it was unnecessary and improper for the master to have read these restrictions or made any reference with respect thereto. But errors not prejudicial to the substantial rights of a party are not grounds for reversal. Civil Code of Practice, sec. 756. It is the policy of the law to uphold judicial sales, so far as debtors and creditors are affected, unless substantial reasons be shown to the contrary. Phillips v. Martin, 233 Ky. 410, 25 S. W. (2d) 1034; Jones v. Deposit & People's Bank, 180 Ky. 395, 202 S. W. 907; Crawley v. Manion, 191 Ky. 12, 228 S. W. 1032.

There is no complaint or evidence to the effect that the price was inadequate. The only complaint is that there is a mere probability that some one might have bid a higher price on the property, but for the reading of the restrictions in the deed complained of, which complaint is wholly unsustained by any evidence. An apparent unfairness or impropriety unaccompanied by evidence of inadequate price is not sufficient grounds for vacating the sale. Jones v. Deposit & People's Bank, 180 Ky. 395, 202 S. W. 907.

The property produced two-thirds of its appraised value, and it was shown by the affidavits filed that the price was a fair market value of the property as could be reasonably expected.

It is common knowledge that property, as a general rule, does not produce as much at a forced sale as at voluntary sales, and the mere fact that the price produced at a forced sale is smaller than might have been expected as in case of a voluntary sale is not sufficient grounds to set aside the sale for inadequacy, unless the inadequacy is so great as in itself to raise the presumption of fraud. Case supra; Stump v. Martin et al., 9 Bush (72 Ky.) 285; Alms & Doepke Co. et al. v. Shackelford, 32 S. W. 1088, 17 Ky. Law Rep. 908.

In view of the facts disclosed by this record in light of the authorities herein cited, we are constrained to hold that, inasmuch as there is no charge or proof of inadequacy of price or other fraud or misconduct, except that of the master commissioner in reading the restrictions in the deed complained of, appellant has failed to show sufficient cause to vacate the sale, and

the chancellor properly overruled the exceptions thereto. The judgment is affirmed.