## Rohrs, Deputy Banking Com'r, v. McGlasson et ux.

(Decided June 23, 1933.)

F. A. HARRISON for appellant.
R. L. VINCENT for appellees.

Opinion of the Court by Judge Thomas—Affirming.

On September 7, 1931, the First State Bank & Trust Company, a state banking institution then located and doing business in the town of Dry Ridge, Grant county, Ky., closed its doors for voluntary liquidation, and its affairs were taken charge of by the then banking commissioner of this commonwealth, who appointed appellant, H. C. Rohrs, special deputy banking commissioner, to wind up and liquidate its assets and distribute them according to law. One of them then owned by the bank was a note, theretofore executed to the bank by Robert T. McGlasson and wife, Emma J. McGlasson, and the payment of which they had secured by executing a mortgage on a lot and building thereon in Dry Ridge which was then rented for a garage and gasoline station. Some time after the note became due, following the bank's suspension, the deputy banking commissioner for and on behalf of his principal, filed this action in the Grant circuit court against defendants, who were then nonresidents of the state, for the purpose of foreclosing the lien upon the mortgaged property and appropriating its proceeds to the payment of the note. Defendants were proceeded against regularly by a warning order, but they never appeared or made defense, and judgment was rendered foreclosing the lien and directing the mortgaged property to be sold by the master commissioner, which he did in accordance with the directions in the judgment.

At the sale one Perry Simpson bid therefor the sum of $3,300, and, being the highest and best bid, it was accepted by the commissioner, and Simpson executed the required bonds, all of which was duly reported by the commissioner to the court, the land having been duly appraised at the sum of $3,000. At that time R. D. Hogan had succeeded H. C. Rohrs as special deputy banking commissioner for the liquidating bank, and before the sale was confirmed he (Hogan) filed exceptions to the sale upon the sole ground that the amount of the bid as reported by the master commissioner was grossly inadequate. Upon the trial of the exceptions the court heard evidence, as the record discloses, and which attorneys for both sides admit, but none of that evidence was made a part of the record, nor was any of it in any manner brought to this court.

The court overruled the exceptions, but before the expiration of the term Hogan moved to set aside that order and to reconsider the exceptions, and tendered with his motion an offer by one Alexander to bid as much as $4,000 for the land if it was again offered for sale, and that offer by Alexander was accompanied by a bond signed by one Browning as surety, but whether Alexander or Browning owned any property whatever at that time subject to execution nowhere appears in the record. The court overruled that motion, to which Hogan excepted and prayed and was granted an appeal to this court, and he later filed in this court the record that is now before us.

There is such little merit in the appeal we are somewhat puzzled to know where to begin the discussion, or exactly what to discuss after we shall have so begun. The universal rule is that mere inadequacy of price alone will not authorize the setting aside of a judicial sale, and which is especially true when no interests of infants are involved, or where the inadequacy is not so great as to shock the conscience and to amount to evidence of fraud. Harris v. Gunnell, 9 S. W. 376, 10 Ky. Law Rep. 419; Passmore v. Moore, 22 S. W. 325, 15 Ky. Law Rep. 107; Terry v. Swinford, 41 S. W. 553, 19 Ky. Law Rep. 712; Owens v. Owens, 52 S. W. 822, 21 Ky. Law Rep. 625; Scott v. O'Neil's Adm'r, 62 S. W. 1042, 23 Ky. Law Rep. 331; Jolly v. Mutual Life Ins. Co., 65 S. W. 440, 23 Ky. Law Rep. 1508; Booher v. City of Louisville, 76 S. W. 18, 25 Ky. Law Rep. 497; Conclin v. Grand Central Savings & Building Ass'n., 144 Ky. 237, 138 S. W. 312; Stortz v. Voss, 181 Ky. 546, 205 S. W. 610. The foregoing cases are cited in support of the statement immediately preceding them, but other cases to the same effect are Walden v. Humphreys, 5 Ky. Ops. 345; Pfingst v. Wilson, 8 Ky. Ops. 217; Wilson v. Taylor & Son, 4 Ky. Law Rep. 437, 11 Ky. Ops. 793; Slaughter's Gdn. v. Grayham's Ex'r, 5 Ky. Law Rep. 324, 12 Ky. Ops. 317; Smith v. Holowell, 201 Ky. 271, 256 S. W. 408; Burchfield v. Asher, 222 Ky. 108, 300 S. W. 331; Southwood v. Willis, 222 Ky. 782, 2 S. W. (2d) 660; and Greer v. McAninch, 226 Ky. 644, 11 S. W. (2d) 696. The mere tendering of an advance bid adds but little if anything to the right to have the sale set aside even when the advance bidder and his tendered surety are shown to be solvent; but, if not so shown, the advance bid will have no effect

whatever upon the situation. Harris v. Gunnell, 9 S. W. 376, 10 Ky Law Rep. 419; Lawson v. Hill, 11 S. W. 606, 11 Ky. Law Rep. 213; Alms & Doepke Co. v. Gates, 32 S. W. 1088, 17 Ky. Law Rep. 908; Hazel v. Buckner, 158 Ky. 618, 165 S. W. 969, and Kinnaird v. Farmers' & Merchants Bank, 249 Ky. 661, 61 S. W. (2d) 291.

Of course the rule might be relaxed in favor of the movant in cases where some equitable considerations were presented whereby he, because of some fact over which he had no control, was prevented from attending the sale or taking some steps looking to his protection. It will therefore be seen that in some aspects every case must be determined upon its own facts. But in the instant one there are no facts, since the evidence heard upon the trial of the exceptions has not been brought to us, and the only one appearing in the record is the tendered advance bid of Alexander, but which for the reasons stated cannot be considered for any purpose, but which it is doubtful if it would authorize a resale even if it were shown that Alexander and his surety were solvent. In that case there would be presented to us a manifestation that Alexander was willing to pay the advance price, but the amount that he is willing to pay may not be the reasonable market value of the property, and which is the criterion by which inadequacy of price is measured. For aught that appears, the amount that he as an isolated advance bidder would offer for the property might be one of a fanciful nature entirely above the reasonable market value of the property, and which he might be willing to give for sentimental or other reasons peculiar to himself and not influencing the general members of the public, or as measuring the general market value of the property.

The court therefore properly overruled the exceptions, as well as the second motion for its reconsideration, and the judgment is affirmed.