## Louisville Title Co. v. Ramsey et al.

(Decided Feb. 26, 1935.)

184

C. J. WADDILL and ANDREW M. SEA, Jr., for appellant.

GORDON, GORDON & MOORE, ABNER JOHNSTON, Jr., and E. M. NICHOLS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The master commissioner of the Hopkins circuit court had a number of judicial sales to make on July 3, 1933, among which were seven or eight to satisfy judgments in favor of the Louisville Title Company, trustee, or its receiver. Noting that its local counsel was not present at 1 o'clock when the sales began, he sold all of the other property first. He had sold three pieces of property in which the title company was interested when its representative appeared at about 2 o'clock. The latter, explaining that he had been necessarily detained, asked that the property be resold. The commissioner made inquiry as to the attitude of the purchasers. Certain business property in Madisonville had been sold to M. A. Corum for $4,675, and he insisted upon his purchase. The commissioner announced that he would complete that sale but would also re-offer the property without prejudice to Corum's rights and report the whole matter to the court. Upon this resale the Louisville Title Company, through its local attorney, made the highest bid, $6,116.07. Bonds were executed by both of the purchasers, and the commissioner duly made return of the bonds and filed a full report of his action. Exceptions were filed by the title company to the sale to Corum and by Corum to the sale to the title company. Ramsey, the owner of the property, excepted to both sales upon the ground of inadequacy of price. The grounds of the title company's exceptions to the sale to Corum were in substance that $4,675 was inadequate; that it had been prevented by misfortune and unavoidable casualty from having a representative present at the exact time of the sale, and that it did not have an opportunity to

protect its interests. Some other grounds, which have been abandoned, were also stated.

The record is that the judgment was for about $8,000 and costs. The title company's local attorney had been authorized to buy the property for $6,116.07. He had been detained by a trial in the county court until perhaps 12:15 o'clock. He had then gone to his office, where he was delayed by clients, and then home to lunch. He reached the place of sale at the courthouse door about 2 o'clock. The same crowd which had been there at all times was present. It is submited that equity and right required that there should be a resale. The court overruled the exceptions and confirmed the sale to Corum. Only the title company appeals.

The rule under which judicial sales are reviewed is that mere inadequacy of price is not per se sufficient to authorize a rejection of a sale by the court, unless it is so grossly sacrificial as to shock the conscience or create a presumption of fraud. But gross inadequacy, accompanied by additional circumstances, though slight and insufficient in themselves, which tend to establsh irregularity or unfairness, will suffice. Stump v. Martin, 72 Ky. (9 Bush) 285; Kentucky Joint Land Bank v. Fitzpatrick, 237 Ky. 624, 36 S. W. (2d) 25; Rohrs v. McGlasson, 250 Ky. 140, 61 S. W. (2d) 1087, 1088. In determining the matter, it ought to be that the more sacrificial the price, the less the degree of unfairness in other circumstances presented; and, per contra, the less the degree of inadequacy of price, the greater the degree of unfairness manifested by the other circumstances. Here the property was appraised at $6,000, and the bid was well over two-thirds of that sum. A year before, when conditions of financial distress were not so extreme, it was appraised for judicial sale at $9,000. The evidence of value adduced on the trial of the exceptions ranged from $3,500 to $10,000. Moreover, when the exceptor, whose debt was more than $8,000, bid at the commissioner's attempted resale, it offered less than $1,400 more than the highest bidder at the first sale. And this was all the company had authorized its agent to offer.

While under the circumstances it appeared to be the fair thing to do, the commissioner had exhausted his power by the first sale and was without authority

to offer the property again. The second sale may be disregarded except perhaps as constituting an offer by the title company to advance the bid by the increased amount. Concerning such ground as justifying a resale, we may adopt what was written in Stump v. Martin, supra:

> "It is duty of the chancellor to look to the rights of parties litigant where property is placed under the control and custody of his commissioner by the judgment, and where there has been fraud, surprise, accident, etc., to disregard the acts of his agent by ordering a resale; but where there is an entire absence of all unfair dealing, and the sale has been conducted pursuant to the judgment, good faith requires that the rights of the purchaser as well as of the parties to the original proceeding should be protected. It would be trifling with the stability of judicial sales as well as the rights of purchasers to permit those who were present at the sale, or who ought to have been present, to interfere after the sale is made, and open the biddings for no other reason than that since the sale an advanced price has been offered for the property; and hence this court has always been unwilling to go so far in any case as to say that the chancellor has the power to set aside a sale made by his commissioner merely because he could get a better bargain."

As stated in Rohrs v. McGlasson, supra:

> "The mere tendering of an advance bid adds but little if anything to the right to have the sale set aside even when the advance bidder and his tendered surety are shown to be solvent; but, if not so shown, the advance bid will have no effect whatever upon the situation."

The tardiness of appellant's representative does not appear to have been unavoidable. The situation is not like that disclosed in Hazel v. Buckner, 158 Ky. 618, 165 S. W. 969, where a party was prevented from being represented at a sale by the illness of his attorney upon whom he relied to represent him, and thereafter made an offer with bond to pay nearly 50 per cent. more money. That was held sufficient to authorize a resale. The policy of the law is to uphold judicial sales, particularly where only debtors and creditors are affected.

Levassor v. Central Savings Bank & Trust Co., 249 Ky. 206, 60 S. W. (2d) 597. While Ramsey, the owner of the property, is an appellee herein, he is not making any objection to the confirmation of the first sale. Considering all the circumstances, we conclude that the chancellor properly confirmed the sale to Corum.

Wherefore the judgment is affirmed.