## Aulenbrock et al. v. Blakemore.

(Decided Dec. 17, 1935.)

THOMAS C. FISHER and GROVER G. SALES for appellants.

GAVIN H. COCHRAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is an appeal from a judgment and order of sale under which certain real estate of appellant Elizabeth M. Aulenbrock was sold to satisfy a vendor's lien retained in a deed of conveyance from appellee and husband to her. The notes were signed by appellant and her husband, H. H. Aulenbrock, but prior to the institution of the action, the latter died and Norbert Aulenbrock, as executor, and appellant, as sole beneficiaries, under the will were made parties defendant. In addition to the principal and interest due on the note, plaintiff by her petition as amended sought to recover also certain sums paid as premiums on insurance policies on the property sought to be sold.

Appellants made no defense, but did appear and resist a motion to have the property placed in the hands of a receiver to collect and hold rents subject to orders of the court. Before the sale was made, the property was duly appraised as required by law. The appraisers fixed the value thereof at $8,500. It was purchased by appellee at the highest and best bid of $5,667, which will be seen was slightly more than two-thirds of the value fixed by the appraisement.

On October 13, 1933, and before the property had been sold, an order was entered reciting that counsel for appellants had withdrawn from the case, and that having accepted notice of his withdrawal, his name be stricken from the record as their attorney. The property was sold on December 16, 1933, and on January 6, 1934, appellants filed exceptions to the report of sale wherein they represented that immediately after the withdrawal of their attorney of record, they consulted another attorney in Louisville who agreed to represent them and advised them that he would notify them of all steps, proceedings, and orders in the case and would look after and protect their interests; that they advised him of their then address and subsequently of a forwarding address as they were leaving the city for a short trip, but that they had no notice or information that the property was to be sold and did not know until their return to the city after the Chrismas holidays that it had been sold; that they had made application to the Federal Home Loan Association for a loan on the property and it had been tentatively appraised at about $11,500; that if they had been in Louisville or had been advised of the sale, they could and would have made arrangements to protect their interests; that the property was worth more than $8,500, the amount fixed by the appraisement, and was worth greatly in excess of $5,667, the amount paid by appellee. They gave a minute description of the property tending to show its worth and stated that at the time it was worth $11,500; that if the sale be set aside, they believed they would be able to make arrangements to finance this and other property and to pay off the indebtedness, or that upon a resale the property would sell for a sufficient sum to pay appellee's debt.

The court overruled appellants' exceptions to the report of sale and entered a deficiency judgment against appellants for the sum of $2,947.26, the balance due

appellee after deducting the net proceeds derived from the sale of the property, and this appeal followed.

The judgment decreeing a sale of the property among other things provided:

"Neither of the defendants in this action, nor any-one for them, or either of them shall be permitted to bid on or to become a purchaser of the property hereinabove more particularly mentioned and de-scribed, at the Commissioner's sale hereinabove referred to."

As grounds for reversal, it is argued (1) that the sale should be set aside because appellants were pre-vented from attending the sale through no fault of their own; (2) that the provision of the judgment barring appellants from bidding upon and becoming purchasers of the property was erroneous; (3) that the price for which the property was sold was inadequate, and that, connected with a slight additional circumstance prevent-ing appellants from attending the sale or preventing them from bidding, afforded proper grounds for vacat-ing same.

Apparently the only interest appellants took in the proceedings until after the sale of the property was an effort to prevent the entering of an order that would deprive them of the rents on the property during the pendency of the action.

In support of the first ground, counsel for appel-lants cite a number of authorities, but all the cases and authorities cited and all we have found on the subject indicate that to authorize the setting aside of a judicial sale because of the absence of the mortgagor or other lien debtor, he must have been prevented from attend-ing the sale by unavoidable casualty or through no fault of his own. No reason is assigned for the absence of appellants from the city of Louisville, they merely state that they made a trip over the Christmas holi-days. They state that they conferred with an attorney whose identity they failed to disclose, who told them he would keep them advised as to the steps taken in the case and protect their interests. There was no show-ing that this attorney because of sickness, misfortune, or unavoidable casualty was prevented from doing any-thing that might or should have been done in connec-tion with his employment to protect the interests of

his clients. If appellants have suffered because they were not present at the sale, it was apparently due to their negligence or to the negligence of their counsel to whom they had intrusted their business. On the whole, appellants fail to disclose sufficient grounds or reasons for setting aside the sale because of their absence.

Unquestionably, there is merit in the second ground urged by counsel. If in any circumstances a court would be justified or authorized to exclude a lien debtor from bidding at a sale of property to satisfy his lien indebtedness, no such circumstances were shown in this instance and the judgment was clearly erroneous in that particular. However, under the express provision of sections 134, 338, and 756 of the Civil Code of Practice, this court would not be authorized to reverse a judgment for any error appearing in the record unless the substantial rights of the complaining party are prejudiced thereby. Although this provision in the judgment was erroneous, there is an utter absence of showing that it in any way operated to appellants' prejudice. We have not overlooked the case of Federal Land Bank v. Crombie, 258 Ky. 383, 80 S. W. (2d) 39, but the facts clearly distinguish the cases.

With respect to the alleged inadequacy of price, it is apparent that the only basis for this contention is the statements of values fixed in appellants' exceptions to the report of sale which obviously were more or less speculative. There is nothing to show or from which it might be inferred that any one qualified to comply with the terms and conditions of the sale desired to or would pay more for the property. As heretofore indicated, the property brought more than two-thirds of the value fixed by the appraisers. As a general rule, the setting aside of a sale on the grounds of inadequacy of price will not be authorized unless the inadequacy is so great as to shock the conscience or to create a presumption of fraud. Greer v. McAninch, 226 Ky. 644, 11 S. W. (2d) 696; Kentucky Joint Land Bank v. Fitzpatrick, 237 Ky. 624, 36 S. W. (2d) 25, 26; Levassor v. Central Savings Bank & Trust Co., 249 Ky. 206, 60 S. W. (2d) 597. It is clearly manifest that if there was any inadequacy of price, it was not such as would authorize setting aside the sale when measured by standards fixed in the foregoing authorities. As a matter of fact,

however, the record fails to substantiate appellants' claim of inadequacy. What we have already said in a discussion of grounds 1 and 2 will disclose without re-iteration that the additional circumstances relied on will not, when coupled with the alleged inadequacy, constitute grounds for setting aside the sale or disturb-ing the chancellor's finding.

Judgment affirmed.