## POGUE

v.

## SHUTT'S ADM'R et al.

Court of Appeals of Kentucky.

Jan. 15, 1954.

932

E. B. Anderson, John B. Anderson, Owensboro, for appellant.

John Henry Thomas, Calhoun, Alfred C. Ross, Greenville, William Jenkins, Calhoun, for appellees.

DUNCAN, Justice.

Appellant, a judgment creditor of Maynard Shutt, deceased, seeks to reverse an order of the lower court overruling his exceptions to the master commissioner's report of sale in an action brought by Shutt's administrator for the settlement of his estate under the provisions of Section 428, Civil Code of Practice, now KRS 395.510.

On February 14, 1950, appellant filed an action in the McLean Circuit Court against Maynard Shutt by which he sought to recover damages of $1,200, alleged to have resulted from an automobile collision in which appellant's car was damaged. During the pendency of the action, Shutt died, and the action was revived against J. C. Shutt, his administrator. Subsequently, an agreed settlement was reached, and the administrator confessed judgment for $343. The judgment was never paid and an exe-cution, or executions, were issued upon which the sheriff made returns of no property found. Prior to the judgment, a lis pendens was filed against the lands of Maynard Shutt, but no attachment or execution was ever levied upon the real estate.

On May 1, 1951, appellee, in his capacity as administrator, filed this action for a settlement of Shutt's estate, naming as defendants the heirs and some of the creditors but omitting appellant. The petition alleged there was no personal property for the payment of debts; described the land now involved; asserted decedent's ownership thereof and sought a sale for the payment of his indebtedness. The creditors named as defendants and the amount of their claims were: City Federal Savings and Loan Association, a lien creditor, in the amount of $4,124.34; Muster Funeral Home $319; Sears-Roebuck Company $221; and Thomas Rust $450. A judgment was entered adjudging a first lien in favor of the loan association and ordering a sale of the property. At the sale, Thomas Rust became the purchaser for $4,650, which sum, after payment of the lien debts and cost, was insufficient to pay the common creditors in full.

On March 12, 1952, the master commissioner filed his report of sale in open court. Counsel for appellant, who was then present, learned for the first time of the settlement suit and the sale thereunder. Intervening for that purpose, appellant promptly filed exceptions to the report of sale. His exceptions were overruled, and the sale was confirmed, but appellant was adjudged a general creditor, entitled to participate as such in the proceeds of the sale.

Appellant insists that Section 428(2), Civil Code of Practice, now KRS 395.510 (2), is mandatory in the requirement that all creditors of the decedent so far as known to the plaintiff must be made parties, either as plaintiffs or defendants. Upon this premise, he contends that the judgment and sale are void. It is conceded that both the administrator and his attorney knew that appellant's judgment was outstanding and they are, in any event, charged with constructive knowledge of its exist-

ence. However, no bad faith is charged or shown, and it is apparent that through oversight or mistake appellant's debt was overlooked when the suit was filed.

We do not regard as jurisdictional the requirement for making common creditors parties. The failure to make appellant a party to the action did not affect the jurisdiction of the court to order the sale. If it appeared that appellant had been prejudiced by the failure, or if fraud or bad faith was responsible for the omission, we would have no hesitancy in setting aside the sale. However, there is no showing that appellant was prejudiced. He does not claim that he would have bid on the property had he been a party and present at the sale or that he could have procured anyone else to do so. The evidence does not disclose that the price was inadequate or that it could reasonably be expected that the property would bring more upon a resale. The policy of the law is to uphold judicial sales, particularly where only debtors and creditors are affected. Louisville Title Co. v. Ramsey, 258 Ky. 183, 79 S.W. 2d 693. Under these circumstances, we think the sale was properly confirmed.

The judgment is affirmed.