### W. C. SHERROD, JR., v. J. J. TERRELL, COMMISSIONER.

#### No. 1241. Decided November 30, 1903.

**School Land—Lease—Nonpayment—Forfeiture.**

The payment or receipt of rent under a lease of school land by the State for eight months only of a current year would not prevent the forfeiture of the lease within sixty days after the rent for the year became due; a reinstatement of the lease after its cancellation therefor was unauthorized; and an applicant to purchase the land could enforce his right thereto by mandamus in spite of such reinstated lease. (Pp. 166, 167.)

Original application to the Supreme Court for writ of mandamus to the Commissioner of the General Land Office.

*J. D. Cunningham, D. W. Doom,* and *D. H. Doom,* for relator.—The land in question having been covered by lease No. 24,236 to R. B. Zinn, which lease had become the property of C. C. Slaughter, and so remained, according to the records, up to and including the 4th day of September, A. D. 1902, and the said C. C. Slaughter having failed to pay the annual rental on the land due the State on the 2d day of July, A. D. 1902, for sixty days after that date, the lease was properly canceled on the 4th day of September, A. D. 1902, by the Commissioner of the General Land Office, and thereafter the land was subject to sale for a period of sixty days, and to plaintiff's application to purchase made within that time, and it was not competent for the Commissioner of the General Land Office within said sixty days to reinstate the lease on the ex parte affidavit of Winfield Scott, who was a stranger to the record up to the time the cancellation of the lease was made. Authorities: Act of 1901, page 292, sec. 5, in which at the end of the section may be found the following language: "And when the lessee shall fail to pay his annual rental within sixty days after it becomes due, the Commissioner of the General Land Office shall cancel said lease and immediately notify the county clerk of the county in which the land or a part thereof is situated of the cancellation and the date when canceled, and the clerk shall note the date of cancellation on his lease record, and the land shall be on the market for sale for sixty days after said cancellation." Ketner v. Rogan, 95 Texas, 559; Hazlewood v. Rogan, 95 Texas, 295.

There was no authority on the part of the defendant R. B. Zinn, original lessee, to make an assignment of his lease, and he having failed to pay the annual rental due the State on the 2d day of July, A. D. 1902, the lease was properly canceled on the 4th day of September, A. D. 1902, and neither Winfield Scott nor anyone else claiming as assignee or sublessee of the said R. B. Zinn had any interest in the said lease or in the said land. Authorities: Rev. Stats. of 1895, art. 3250; Adkinson v. Porter, 73 S. W. Rep., 43; Forrest v. Durnell, 86 Texas, 647.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant Attorney-General, for respondent.

GAINES, CHIEF JUSTICE.—This is an original suit for a writ of mandamus to compel the Commissioner of the General Land Office to award to the relator four sections of free school lands in Gaines County which he had applied to purchase.

The following are the facts shown by the petition and answer: On the 2d day of July, 1898, the lands in controversy were regularly leased to R. B. Zinn (who was made a party defendant, but who filed his disclaimer as to any interest therein) for the term of five years. One C. C. Slaughter became the owner of the lease by successive assignments, and being, on the 1st day of March, 1900, the lessee of several other sections of school lands, as well as assignee of the lease of these sections, he entered into an arrangement on that day with the Commissioner of the General Land Office by which he surrendered his existing leases and took out a new lease on all of the lands for ten years. Under the new lease the rent was payable in advance on the 1st day of March of each successive year and was accordingly paid on March 1, 1900, March 1, 1901, and March 1, 1902. After the decision of this court in the case of Ketner v. Rogan, 95 Texas, 559, in which it was held that the Commissioner was not authorized to accept the surrender of an existing lease and to make a new lease to the lessee, Slaughter applied to him to cancel the new lease and to reinstate the original leases, the rent money having been paid; which was accordingly done. Thereupon the Commissioner paid back to Slaughter the money paid under the new leases except as to the amount necessary to pay the sums due on the old leases. The money retained paid the rent on the Zinn lease to July 2, 1902. When this was done the Commissioner had been in no manner advised that Slaughter had assigned his lease on the lands in controversy. The rent upon the lands in controversy for the year extending from July 2, 1902, to July 2, 1903, not having been paid within sixty days from the former date, the Commissioner, in obedience to the statute, on the 4th day of September, 1902, canceled the lease. On the 22d of that month one Winfield Scott for the first time appeared on the scene. He filed with the Commissioner an affidavit deposing, in effect, that Slaughter had assigned the lease to him and that the money which had been paid by Slaughter as rent on the lands in controversy had been furnished by him to Slaughter for the purpose and that the latter had no authority to withdraw it, and asked for a reinstatement of the original lease to Zinn as to these lands. On the same day the Commissioner reinstated the lease.

On the 26th day of September, 1902, the relator made application to purchase the lands as an actual settler, and complied in all respects with the requirements of the statute. His application was rejected for the reason that the lands were under lease. As we have seen, the rent under the Zinn contract was paid up to July 2, 1902; but in order to keep the lease in force for the next year, it was necessary to pay the annual rent for one year within sixty days from that day. If the money which had been supplied to Slaughter by Scott and which Scott had paid for the

rent of these lands had been sufficient to pay the rent up to July 2, 1903, we would have had a question of some difficulty; but it is one which we need not decide in this case. The money which was paid by Slaughter only discharged the rent to March 1, 1903; and we fail to see how in any event it placed the lessee in any better position than he would have been had he tendered to the Commissioner on July 2, 1902, or within sixty days thereafter, the rent for the eight months—when the statute requires that a year's rent should be paid in advance. The Commissioner was without authority to receive a less amount, and if he had received a less sum it would not have been sufficient to keep the lease in force. We therefore conclude that the Commissioner was correct in canceling the lease and that he erred in reinstating it.

Scott would have been a proper party to the suit but for the fact that his interest under the lease had in any event expired before the submission of the case.

The mandamus as prayed for is awarded

*Mandamus awarded.*