## Crawley v. Manion.

(Decided March 15, 1921.)

### Appeal from Henderson Circuit Court.

1. Judicial Sales—Discretion of Commissioner Making Sale.—It is the policy of the law to sustain judicial sales and to encourage bidding by all persons so that property may not be sacrificed, and in making such sales the commissioner, in so far as he is not restricted by the judgment of the court, has a reasonable discretion as to the time and manner of making the sale.

2. Judicial Sales—When Purchaser.or Bidder Estopped to Complain of Sale.—An intendng purchaser or bidder at a judicial sale may be estopped by his own silence or negligence, but to effect an estoppel he must have knowledge of his own rights and of what is going on.

3. Judicial Sales—Acquiescence of Purchaser or Bidder—Estoppel.— Where property adjudged to be sold in separate parcels when it should have been adjudged to be sold in that manner and as a whole, after its sale separately was by consent of the .attorneys and upon the knowledge of the parties sold as a whole upon a better bid, they not objecting to the latter sale, are estopped to claim title at the separate sale and of the subsequent sale of the property as a whole.

F. J. PENTECOST for appellant.

JOHN C. WORSHAM for appellee.

Opinion of the Court by Judge Settle—Affirming.

Peter Manion, long a resident of the city of Henderson, left his home and this state November 5, 1918, since which time his whereabouts have been unknown to his family and acquaintances. His family, consisting of his wife and two daughters, remained and yet live in Henderson. He seems to have been in debt to numerous persons and was the owner of two houses and lots in the city of Henderson; one of these, known as the family residence, being situated on Second street and the other on Ingram street, the two adjoining in the rear.

As the estate of Peter Manion was greatly involved in debt and the necessity for its being placed in charge of some one apparent, his wife, the appellee, Frances A. Manion, was appointed and duly qualified as the curator thereof. One of the debts owing by the absent debtor was a judgment of $3,486.22, in favor of C. and G. Manion secured by an attachment or other lien on the two lots which had been adjudged superior to all others. In addition, attachments in other actions had been levied upon the lots; and for the purpose of paying or otherwise adjusting her husband's indebtedness, the appellee, Frances A. Manion, as curator, instituted an action in the Henderson circuit court, to which the creditors of Peter Manion were made or became parties. This action was consolidated with that of A. S. Winstead v. Peter Manion, etc., pending in the same court, following which judgment was rendered by the court in the consolidated causes directing the sale by the master commissioner of the two houses and lots in question, requiring him to take of the purchaser or purchasers, first a bond or bonds payable to C. and G. Manion for a sufficiency of the proceeds of sale to pay their judgment; and, second, a bond or bonds for the remainder, if any, of such proceeds, payable to himself as master commissioner, for the use of such other creditors of Peter Manion as the court might thereafter adjudge entitled to same. The judgment rendered only directed that the lots be sold separately, when it should have further directed that after being so sold, they be offered for sale together and as a whole and the bid or bids for the larger amount realized, whether from the separate sales or of the whole, accepted.

Although the commissioner's advertisement of the sale was in accordance with the requirements of the judg-

ments, prior to the sale he informed an intending purchaser, the curator and wife of Peter Manion, the judgment debtor, through her daughter, Elizabeth Manion, that the lots would first be offered for sale separately and then as a whole, and advised her that if she wished to purchase both lots, that she do no bidding until they were offered for sale as a whole. Notwithstanding this previous information and advice, however, he announced at the sale that the lots would only be sold separately, which announcement was neither heard nor understood by the curator, who, though present when the sale began and while it lasted, was expecting the sale of the two lots as a whole after their sale separately and therefore acted upon the commissioner's advice not to bid upon them separately. When the lots were sold separately as announced the Second street lot was purchased by the appellant, T. B. Crowley, at his bid of $2,600.00, and the Ingram street lot by K. H. Byers at his bid of $1,300.00; the first lot bringing two-thirds of its appraised value, and the second $700.00, less than two-thirds of its appraised value. The aggregagte amount thus realized for the two lots, $3,900.00, would have left, after satisfying the judgment debt of $3,486.22, in favor of C. and G. Manion, a surplus of only $413.78, to be applied on the numerous other debts of Peter Manion.

Upon discovering immediately after the lots had been sold separately by the commissioner, that it was not his purpose to offer them for sale as a whole, the appellee, Frances A. Manion, reminded him of her understanding from the information received through him before the day of sale, that they were to be so sold, and requested that he at once proceed to sell the lots as a whole. In response to this request the commissioner, while admitting he gave appellee the information prior to the sale that the lots after being sold in separate parcels would be offered for sale as a whole by him, substantially stated that their sale in that manner was not directed by the judgment, but that if the attorneys representing the curator, C. and G. Manion and other parties to the actions in which the judgment of sale was rendered, would consent to the sale of the two lots as a whole, and the purchasers of the lots as sold separately would not object thereto, he would still sell them as a whole. Whereupon such consent being given by the attorneys for the parties referred to, and no objection coming from the purchasers of the lots as separately sold, the commissioner at once offered the two

lots for sale as a whole, and appellee as the hightest bidder became the purchaser thereof for her daughter, Elizabeth Manion, at the price of $4,505.00, which sum exceeded by $605.00 the aggregate of the amounts bid for the lots when separately sold. The appellant Crawley and K. H. Byers, purchasers respectively of the lots when sold separately, were both present when the commissioner publicly announced that he would by consent of the attorneys of the parties to the consolidated actions, and if not objected to by them, offer for sale the lots as a whole and also present until the same were knocked down to appellee as the purchaser, during the whole of which time they not only failed to complain of the sale, but were actual bidders on the lots as a whole, while the sale was being cried, Byers acting for himself and as agent for Crawley, closely competing with appellee in the bidding to the last and to the extent of running up the purchase price, as already stated, $605.00 over the aggregate of the bids at which the lots were separately sold.

After taking of Elizabeth Manion, the appellee and purchaser of the two lots as thus sold, a bond with good security payable to C. and G. Manion for the amount in full of their debt and a second bond for the surplus proceeds of sale payable to himself for the benefit of such of the other creditors of the judgment debtor as the circuit court might direct, the commissioner duly reported the sale to that court, to which the appellant filed numerous exceptions, accompanied by a petition in which he alleged title to the Second street lot for which, when separately sold, he was the successful bidder, the refusal of the commissioner to accept a bond tendered by him for the amount of his bid for the lot; his willingness and ability to yet execute the necessary bond, and praying that the commissioner be compelled by proper deed to convey him the lot. Following the hearing of evidence offered by the parties the court sustained a general demurrer to and dismissed the petition, and also overruled the exceptions to the report of sale. The court, doubtless being of the opinion that the manner of selling the lots in question should have been more specifically set forth by the judgment and that a resale of them would probably result in their bringing a greater sum for the creditors of Peter Manion, on its own motion set aside the sale and ordered a resale of the two lots by the commissioner, first by selling them sepa-

rately and then as a whole and accepting the highest bid obtained therefor. But as a condition precedent to such sale the judgment required the appellee, Frances A. Manion, to execute a bond with good security conditioned that upon the resale of the two lots she will make them bring at least $4,505.00, and upon the failure of the property to bring that amount, she will pay into court for the benefit of Peter Manion's creditors, the difference between the price at which it sells and $4,505.00. From so much of the foregoing judgment as sustained the demurrer to and dismissed the appellant Crawley's petition and as overruled his exceptions to the commissioner's report of sale, and ordered a resale of the property, he excepted, and was granted and is now prosecuting an appeal.

It will be unnecessary to consider in detail the several exceptions filed by appellant to the report of sale, as all of them rest upon and are auxiliary to his contention that the acceptance by the commissioner of his bid of $2,600 for the Second street lot when separately sold, in the absence of express authority in the judgment for its subsequent sale together with the Ingram street lot, constituted a completed contract of sale, entitling him to its confirmation by the court and a deed through its commissioner conveying him the title to the lot. So the decision of this question will determine all incidental questions raised by the exceptions. It is undoubtedly the policy of the law and of the courts as well to sustain judicial sales and to encourage bidding by all persons, so that property may not be sacrificed; and in making such sales the commissioner, in so far as he is not restricted by law or the judgment of the court, has a reasonable discretion as to the time and manner of making the sale. Read v. Clark, 10 R. 917; Leavell v. Carter, 112 S. W. 1119.

While the law accords to a purchaser at a judicial sale certain rights, it makes his conduct with respect to the occurrences of the sale the subject of inquiry where it is claimed to have had the effect of misleading the officer making the sale or other bidders. In other words a purchaser or bidder at such sale may be estopped by his own silence or negligence, but to effect an estoppel on this ground he must have had knowledge of his own rights and of what was going on. Bigelow on Estoppel, sec. 10, p. 710-711. Applying that test to this case we find it apparent from the evidence that appellant and Byers, after the purchase by each of them of one of

the two lots when separately sold, were both advised by the commissioner of the misunderstanding by which appellee was prevented from bidding on the lots when so sold, also of the consent of the parties to the several actions in which the sale was adjudged, that the two lots be sold together and of his (the commissioner's) purpose to at once so sell them, if they (appellant and Byers) would not object to such sale. They admittedly did not object to the sale and furthermore became bidders, in the manner previously stated, against appellee for the two lots when offered for sale as a whole. Under such circumstances their failure to object to the sale, to say nothing of their participation in the sale, necessarily produced in the minds of the appellee and the commissioner the belief that they acquiesced in the sale and led the latter to sell the lots as a whole, when he otherwise would not have done so, and the former to bid for and become the purchaser of the property. Obviously, appellant must have had full knowledge of his rights and of the legal effect of his failure to object to the sale of the two lots together, and is estopped by his conduct from claiming title to the lot purchased by him at its separate sale; and also from complaining of its subsequent sale with the other lot at the final bid of appellee for her daughter. The case is one in which "silence gave consent."

Appellant was not prejudiced by the setting aside of the latter sale, and as a resale of the lots will doubtless prove beneficial to the creditors of Peter Manion, and his curator does not complain thereof, it is unnecessary to review that part of the judgment. For the reasons indicated the judgment is affirmed.