# Kentucky Joint Land Bank of Lexington v. Fitzpatrick et al.

(Decided February 24, 1931.)

ROBERT H. HAYS and R. G. KERN for appellant.

C. D. GRUBBS, E. W. SENFF, ROBT. H. WINN, WILLIAMS, WINN and SWOPE, for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appeal is from an order setting aside a judicial sale. In the suit of the appellant, Kentucky Joint Land Bank of Lexington, to foreclose its mortgage debt, 558 acres of land of the appellee Thomas W. Fitzpatrick was sold on October 20, 1930, to J. H. Williams for $25,256.28,

for which sum he duly executed bonds with sureties. The liens on the property aggregated $39,119.87, of which the appellant's debt was $22,779.09 and interest from February 1, 1930.

The owner, appellee Fitzpatrick, based his exceptions to the sale upon three grounds, namely: (1) Gross inadequacy of price; (2) error in description; and (3) the depressed value of farm lands due to the extraordinary drought and distressing financial conditions in Kentucky. The court sustained the exceptions, set aside the sale, and ordered it to be resold on the third Monday in October, 1931. He placed the property during the year in the hands of a receiver to be operated for the benefit of the appellant, on whose debt the net proceeds were to be credited. From that order the bank appeals, asserting that none or all of the grounds of exception were legally sufficient to authorize the action of the chancellor.

The judgment of the trial court in confirming or rejecting a judicial sale is a matter resting in his sound discretion upon all the facts and circumstances, and that judgment will not be disturbed unless it appears to this court that that discretion has been abused, in the judicial sense. It is to be remembered that the power resting in the chancellor, as well as that resting in this court, is not an arbitrary one, but a power to be exercised with due regard for the rights of all the parties involved as measured by legal and equitable standards.

Among those standards is the well-established rule that inadequacy of price alone is not a sufficient ground for setting aside a judicial sale where the interested parties labor under no disabilities unless the inadequacy is so great as to shock the conscience or create the presumption of fraud. But where the inadequacy is accompanied by circumstances, though only slight and insufficient in themselves, which tend to cause it, or where it is attended by apparent unfairness or impropriety or, oppression on the part of those connected with the sale, the sale ought to be and will be set aside. The cases to this effect are legion, but we cite as illustrative, Morton v. Wade, 175 Ky. 564, 194 S. W. 802; Carter v. Howard, 183 Ky. 356, 209 S. W. 51; Greer v. McAninch, 226 Ky. 644, 11 S. W. (2d) 696.

The owner testified he had sold 50 acres from the rear of the property about ten months before for $125 an acre, and some of his land adjoining, also sold by the master commissioner on the day of this sale, brought,

$100.50 an acre, and that he valued the land at $109. It was assessed for taxation at $75. Other witnesses thought it worth from $60 to $80 an acre under current depressed values, and expressed the belief that under normal conditions it would bring from $90 to $125 an acre. The value at which it was appraised for sale was $42,390.75, the equivalent of $76 an acre, and it brought $25,256.28, or $45.25 per acre, which is 59½ per cent. This cannot be said to be so disproportionate to the real value as to shock the conscience. It does not create the presumption of any fraud or misconduct on the part of any one interested. Indeed, no such claim is made.

The tangible supplemental circumstance submitted in support of the exceptions is that the advertisement of the property, which followed the judgment, stated one of the tracts was on the east side of a certain road, whereas it lay on the south side. The description was otherwise full and complete; it being given as five miles east of Mt. Sterling on the Howard's Mill road, in Montgomery county, Ky. This was followed by a more particular description by metes and bounds. In this detailed designation tract No. 1 was stated to be on the east instead of the south side of the turnpike. There is nothing in the record to suggest that any prospective bidder was deceived or could not locate the property to be sold, nor that, had it been described with the minute accuracy indicated, any higher bid could have been realized.

The unprecedented drought of the year 1930 truly has greatly depressed farm and stock values, and brought disaster to thousands of the inhabitants of the state. All are in agreement as to the distressful conditions which existed at the time of the sale of this property. That condition undoubtedly adversely affected the price for which it was sold. But have the courts power to declare a moratorium? The proposition recalls the lamentable efforts of a little more than a century ago on the part of the Legislature to relieve distressing financial conditions following upon the War of 1812 and European wars, which resulted in the celebrated Old Court and New Court strife when those efforts were held to be unconstitutional. Though the situation be ever so deplorable and compassion be ever so great for those affected, when the debt is due, the creditor cannot be deprived of his right to collect it in accordance with the processes of the law.

The grounds of the exceptions were not sufficient in our opinion to warrant the court setting aside the sale.

The statute, section 2364, gives to the owner the right to redeem his property, since it brought less than two-thirds of the appraised value. The purchaser has assumed passivity, and stated in open court, according to the judge's memorandum opinion, that he did not insist on his purchase.

The setting aside of the sale and the cancellation of the purchase-money bonds released a sale of the property for a sum sufficient to satisfy the appellant's claims, and there is no assurance manifested in the record that upon a resale the property will be made to yield that or a greater sum. Its rights must be regarded.

The court therefore concludes that the chancellor erred in setting aside the sale.

The purchaser and his personal sureties have been made parties to this appeal. They have filed a motion to dismiss it as to themselves. We may borrow from their brief this excellent statement of the rule:

"It is true that by a convention of long standing, and one which has received repeated judicial sanction, a purchaser, the principal under the bond, the one who is to take the property sold, becomes a party to the record upon the filing of the Master Commissioner's report of sale in such way as that he may thereafter proceed or be proceeded against as a litigant in the action."

But counsel would construe the rule as applicable only when the purchaser has acted affirmatively in the case and not where he has remained passive in a controversy restricted to the debtor and creditor. The interest of the purchaser is none the less a vital one, and his relation to the parties litigant makes of him a necessary party on an appeal involving his purchase. Stone v. Myrtle's Adm'r, 148 Ky. 57, 146 S. W. 20. But the sureties on his bonds, although in privity with him, are not necessary parties to the litigation; nor do we find that they have been heretofore regarded. It does not seem necessary or proper, however, on this appeal to consider or adjudicate the rights or liabilities of the purchaser.

The judgment is reversed, with directions to set aside the order rejecting the commissioner's report of sale.

The motion to dismiss the appeal as to appellee J. H. Williams is overruled, but as to the appellees Robert H. Winn and James C. Swope it is sustained.