## Fidelity & Columbia Trust Co. v. White Construction Company.

(Decided March 19, 1935.)

C. J. WADDILL and ANDREW M. SEA, Jr., for appellant.

GORDON & GORDON & MOORE, E. M. NICHOLS and ABNER JOHNSTON, Jr., for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In September, 1931, the White Construction Company brought suit against R. S. Devney and his wife, and Ila Sharp and his wife, for the purpose of collect-

ing street improvement assessment against their property in Madisonville, Ky., for the sum of $345.90 with interest and penalties for which it had a lien against the property for said street improvements as provided by the Kentucky Statutes. The Louisville Title Company also had a mortgage lien against the same property to secure a loan of $1,500, and the Fidelity & Columbia Trust Company, receiver, etc., for the Louisville Title Company, was made a party defendant for the purpose of adjusting its lien. At the May, 1932, term of the court, judgment was entered in favor of the White Construction Company and the Louisville Title Company's receiver, for their respective claims, and adjudged the White Construction Company a superior lien for the street assessments, and, the property being indivisible, it was ordered sold by the court's commissioner in satisfaction of the judgments. The property was appraised at the sum of $600. At the sale the Louisville Title Company's receiver became the successful bidder for the sum of $550. The report of sale was filed at the February, 1933, term of the court and ordered to lie over to the second day of the next May term for exceptions. No exceptions to the report having been filed, the sale was confirmed on the third day of the May, 1933, term of the court. On the twenty-first day of the May, 1933, term, being the same term at which the order of sale was confirmed, the court allowed the White Construction Company to file exceptions to the report of sale which were sustained and a resale of the property was ordered, and it was resold on July 3, 1933. In the meantime the Title Insurance & Trust Company had succeeded the Fidelity & Columbia Trust Company as receiver and trustee for the Louisville Title Company, and it became the successful bidder at the second sale for the sum of $1,100 and executed the sale bond therefor as required. It now appeals from the order of the chancellor setting aside the first sale and ordering a resale of the property.

The exceptions filed by the White Construction Company to the first sale are as follows:

"The White Construction Company objects and excepts to the Master Commissioner's Report of Sale, and to the sale by him, and by leave of the Court files these exceptions, that is to say,—

"1. Said Sale was made for a grossly insufficient price, and for far less than the intrinsic value of the property.

"2. Because the market value of said property immediately after the completion of the street improvements was not fixed before the sale was ordered, nor the rank of the liens upon said property fixed by the Court before the sale."

The court heard proof on the exceptions relating to the value of the property as of December, 1927, the time the street assessments were made, and found the property to be of the value of $1,400 at that time.

It is insisted for appellant that the objections raised by the exceptions to the report of sale were known to the White Construction Company from the time the sale was made, yet it allowed the report of sale filed at the February, 1933, term to be confirmed without excepting or complaining in any way, and for this reason the chancellor exercised an abuse of discretion in sustaining the exceptions. We think this position is well founded. It is sustained by the cases of Wigginton v. Nehan, 76 S. W. 196, 25 Ky. Law Rep. 617, and Garrard et al. v. Kinder et al., 230 Ky. 176, 18 S. W. (2d) 1013.

With respect to the inadequacy of price at a judicial sale, this alone is not sufficient grounds for setting aside the sale where the interested parties are under no disability, unless the inadequacy is so great as to shock the conscience or create the presumption of fraud. Kentucky Joint Land Bank of Lexington v. Fitzpatrick et al., 237 Ky. 624, 36 S. W. (2d) 25.

On exceptions to a sale the court is confined to the complaint set out therein and cannot search the record for errors not made a ground of exception. Garrard et al. v. Kinder et al., 230 Ky. 176, 18 S. W. (2d) 1013.

In view of the facts presented in this record and the authorities herein cited, we are constrained to the conclusion that the court erred in sustaining the exceptions and that the first sale should be sustained.

The judgment is reversed, for proceedings consistent herewith.

The whole court sitting.