# Melton et al. v. Tipton et al.

(Decided May 8, 1936.)

PREWITT & PREWITT for appellants.

HENRY WATSON, W. B. WHITE, and W. C. HAMILTON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from an order of the Montgomery circuit court sustaining exceptions to the sale of a certain tract of land in a proceeding under section 490 of the Civil Code of Practice. The appellant was the purchaser at the sale. He paid $605 for the property. In substance, the exceptions taken to the commissioner's report of the sale are: (1) That the price bid was inadequate; (2) that the purchaser publicly

and falsely stated that there were infant children who owned part of the property and that there was a lot of taxes on it which the purchaser would have to pay; (3) that the purchaser solicited prospective bidders not to bid; and (4) that plaintiffs had received an offer of $700 for the property. No bond was filed in connection with this alleged new bid. By amended exceptions, it was set out that one of the parties to the suit had died, leaving two children, and it was asked that the sale be set aside and a new sale ordered after these children were made parties. The chancellor sustained the exceptions and ordered a resale. The only question before us is whether or not the order sustaining the exceptions was erroneous. We will consider the exceptions in the order stated.

The first objection to the sale was that the property sold for only about one-third of its real value. The master commissioner appointed two appraisers to examine the property, and they appraised its value at $1,750. Subsequently the commissioner ascertained that it was unnecessary to have an appraisement for a sale made pursuant to section 490 of the Civil Code of Practice (Hosch v. Hosch's Ex'rs, 181 Ky. 781, 205 S. W. 963) and disregarded the appraisement in his report. Under the circumstances, the appraisement had no more legal efficacy than the opinion of the two individuals who made it. At the hearing on the exceptions, both of the appraisers testified. One of them says that he did not go on the land in making the appraisement, and that he had not been on it for three or four years before that time, but that he had examined the property the day he testified, and that he was now of the opinion that it was worth but $1,000. The other appraiser refused to reduce the figure set in his appraisement as his opinion of the value of the property, but he also admitted that he had not been on the property for several years, that it was hilly and badly washed, and that he did not examine the condition of the buildings on the property or the fences. He further admitted that the property with which he was comparing the tract here involved was better situated, in better repair, and had water on it, while the tract here involved had cistern water alone. The only other witness whom plaintiffs introduced on the question of value for the purpose of sustaining

their exceptions was a disappointed bidder at the sale, who fixed the value at between $1,000 and $1,200 and who testified that he would be willing to pay $800 for the property. He admitted that he stopped bidding at the sale at $600 and that he and the purchaser, ap-- pellant here, were not on friendly terms. Opposed to this testimony, appellant introduced six witnesses who estimated the value of the 7-acre tract, together with the improvements, at from $60 to $90 an acre. It is well established that mere inadequacy of price alone is not sufficient ground for setting aside a judicial sale, where the interested parties labor under no disabili- ties, unless the inadequacy is so great as to shock the conscience or create a presumption of fraud. Kentucky Joint Land Bank of Lexington v. Fitzpatrick et al., 237 Ky. 624, 36 S. W. (2d) 25. Certainly there is noth- ing in the evidence heard to justify a conclusion that the price bid in this case was so inadequate as to shock the conscience or to create a presumption of fraud.

It is argued, however, that, where the inadequacy is accompanied by circumstances, though only slight and insufficient in themselves, which tend to cause it, or where it is attended by apparent unfairness or im- propriety or oppression on the part of those connected with the sale, the sale will be set aside. This is un- doubtedly the law. Kentucky Joint Land Bank v. Fitz- patrick, supra. We must determine, therefore, whether or not the proof of the accompanying circumstances complained of in the remaining exceptions was suffi- cient to call for an application of this principle.

The second ground listed above, namely, that the purchaser publicly stated that there were infant chil- dren who owned part of the property and that there was a lot of taxes on it which the purchaser would have to pay, was not proven. The master commission- er, who made the sale, and who is a reputable lawyer, testified that he heard no such statement made. The purchaser denies saying anything to anybody in an effort to keep him from bidding on the land. Obviously, there was no proof on which the court could act as to this exception, even if it should be assumed that the statement alleged to have been made was untrue. The record before us indicates that the statement was in fact true.

The third ground of exception was that the pur-

chaser solicited prospective bidders not to bid. It is sought to establish this ground by the testimony of the same disappointed bidder who now says that he would give $800 for the property. The testimony of this witness is considerably shaken by his admitted hostility toward the appellant, as well as his evident desire himself to purchase the property. Furthermore, this witness testified that the purchaser requested him to quit bidding in the presence of two other persons, yet plaintiffs do not introduce these other persons nor make any explanation as to their absence. The appellant denies asking any one not to bid. We do not think the proof, under the circumstances, justifies a conclusion that he did.

The next exception is the statement of an advance bid of $700. This advance bid was made by the would-be purchaser, who testified at the hearing on behalf of the plaintiffs. There is no proof of such inadequacy of the bid to the proven value of the property nor any such appealing equity presented as to authorize the court to set aside this sale in order to secure $95 or $195, less intervening expenses, for the property. Koontz v. Butler, 238 Ky. 406, 38 S. W. (2d) 204; Rohrs v. McGlasson, 250 Ky. 140, 61 S. W. (2d) 1087.

Finally, it asserted that one of the parties to the suit had died, leaving two children, and that the sale should be set aside and these children made parties before a resale. The trouble with this contention is that there was no complaint by the persons affected, and, in addition, the purchaser filed a response to this exception, setting out that he had purchased the interest of the particular children involved, all of whom were adults. This is not disputed.

It is undoubtedly the policy of the law to sustain judicial sales, in the absence of some potent objection, in order that all persons may be encouraged to bid at such sales and the property sold be not sacrificed. Crawley v. Manion, 191 Ky. 12, 228 S. W. 1032. This is but common sense. We must, in cases of this character, rely to a large extent upon the discretion of the chancellor, but his discretion is not an arbitrary one, and it must be exercised with due regard for the rights of all the parties. In the case at bar the chancellor assigned no reason for his order setting aside the sale,

and our re-examination of the exceptions fails to disclose any ground which we consider sufficient to justify his action. We are of the opinion that the sale should have been confirmed.

Judgment reversed for proceedings consistent herewith.