## Henderson et al. v. Henderson et al.

(Decided Nov. 27, 1936.)

BEN B. MORRIS for appellants.

M. C. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

F. P. Henderson died intestate on September 12, 1934, survived by the appellee Forest Henderson and the appellants D. P. Henderson and Nina Reeves as his only heirs at law. At one time F. P. Henderson owned a tract of land consisting of 200 acres, but before his

death he deeded 50 acres to each of his three children, with the result that he died seised of but 50 acres, which is the property involved in this proceeding. The appellee Forest Henderson qualified as administrator of his father's estate and attended to the payment of his debts, there being ample personal property for this purpose. Subsequently Forest Henderson brought this suit against the appellants, asking for a sale and division of the land inherited from their mutual ancestor. The appellant D. P. Henderson is a nonresident, and a warning order was issued against him. The appellant Nina Reeves was brought before the court through personal service on her. No defense was made to the suit, nor was any proof introduced, and the court entered a judgment on April 18, 1935, adjudging that the land was indivisible and ordering a sale thereof for purposes of division. The land was sold pursuant to this judgment on May 20, 1935, and on August 26, 1935, the master commissioner filed a report of sale, in which it was disclosed that the property had been bought by the appellee Forest Henderson for the sum of $500. On August 29, 1935, the court entered an order confirming the report of sale.

On September 11, 1935, the appellants filed a motion asking that the order confirming the report of sale be set aside and that they be permitted to file exceptions. They also tendered exceptions and amended exceptions. On October 7, 1935, the court entered an order and judgment overruling the motion to set aside the order confirming the report of sale, and also overruling each of the tendered exceptions. This appeal is taken from the judgment overruling the motion and exceptions alone.

It is argued for the appellants that the price secured at the sale was so grossly inadequate as to shock the conscience, and, coupled with the other circumstances established in the record, demonstrates that the sale should be set aside. Numerous other exceptions were taken to the sale, but we do not deem it necessary here to consider them. It is well settled that inadequacy of price alone is not a sufficient ground for setting aside a judicial sale where the interested parties are under no disabilities, unless the discrepancy in the price is so great as to shock the conscience or create a presumption of fraud. Melton v. Tipton, 264 Ky. 196, 94 S. W. (2d) 350; Louisville Title Co. v. Ramsey, 258 Ky. 183, 79 S. W. (2d) 693. Where, however, the inadequacy of price

is accompanied by circumstances, slight, or insufficient in themselves to authorize the setting aside of the sale, or where there is an apparent unfairness or impropriety or oppression on the part of those connected with the sale, then the sale ought to be, and it will be, set aside. Kentucky Joint Land Bank v. Fitzpatrick, 237 Ky. 624, 36 S. W. (2d) 25.

In the case at bar the plaintiff, who was likewise the purchaser, admits that he went to the sale prepared to bid $1,000 for the property which he purchased for $500. The plaintiff's wife testified that he had offered the appellants $22.50 an acre for their part of the 50-acre tract involved and that appellants had refused to accept this price. Coupled with this testimony, we have the fact that all of the persons interested were brothers and sisters and one of them was in California, where he must rely to a large extent upon the good faith and care of the appellee in the management and distribution of his father's estate. Correspondence in the record indicates that the absent brother was in fact relying upon appellee for the proper handling of the 50-acre tract, and there is nothing to show that appellee made any effort to advise his brother of his suddenly changed position other than the warning order issued in this suit. Section 414 of the Civil Code of Practice gives a defendant against whom a judgment has been rendered upon constructive service, and who did not appear, the absolute right at any time within five years after the rendition of the judgment to move to have the action retried upon giving security for costs. While the nonresident appellant here has not followed this provision of the Civil Code of Practice, certainly section 414 indicates the policy of the law in dealing with situations such as we have before us. Not only did the nonresident defendant here fail to appear in the action, but he claims never to have received notice of its pendency, and it is admitted that the street address given in the affidavit for a warning order was inadvertently misspelled. The fact that appellee has refused to reopen the sale at the instigation of his absent brother and the vigor with which he seeks here to sustain his purchase rather heighten the impression that he has not sought to be entirely just in the matter and that he has sought to capitalize his position on the ground to obtain an advantage at the expense of his brother and sister.

It seems to us that the appellants have here shown

322

circumstances which, coupled with the inadequacy of the price obtained at the sale, carry such odor of unfairness and oppression as to require that the order confirming the sale should be set aside and a new sale directed.

Judgment reversed.