## Allen et al. v. Francis et al.

Jan. 31, 1939.

J. BRACK HOWARD, Judge.

E. C. HYDEN for appellants.

BACH & NOBLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

A. A. Roberts, a resident and citizen of Breathitt county, Kentucky, died intestate on November 10, 1931. He owned and, with his wife, resided upon a farm in that county which contained about 200 acres and was all the real estate possessed by him. His personal property consisted of household goods, farm implements, a deposit account in the Hargis Bank & Trust Company, then in liquidation, and a $2000 time deposit certificate in the First National Bank of Jackson.

In the early part of September preceding his death he was stricken with paralysis and was taken from his home on his farm to the Combs hotel in Jackson, which it appears was then operated by his son, the defendant

J. M. Roberts, who had attained some prominence and considerable property as a citizen of the county. The son was appointed by the county court of Breathitt county administrator of the estate of his father, but he never filed or made any inventory of the estate, and, of course, made no settlement of it of any character. This equity action was later filed by numerous plaintiffs, who are surviving children of the decedent (and surviving issue of deceased children), against the administrator, one of decedent's children, and his surviving widow, to settle the estate and to require the administrator to perform his duty as such by filing an inventory of the estate and otherwise functionate as such fiduciary.

An amended petition, before final submission, charged that on September 11, 1931, but a few days following his stroke, the son, J. M. Roberts, unlawfully caused deceased to convey to his son the farm upon which he and his wife resided, and likewise in the same manner procured him to transfer to the son the deposit account with the Hargis Bank and Trust Company upon which dividends, both accrued and potential, were and would be realized. It was also charged that at the time of such conveyance and transfer—both of which were without consideration—decedent was mentally incapacitated to execute them, and plaintiffs prayed that each of them be cancelled and set aside and the properties involved be administered as a part of the estate of the decedent. The son and administrator denied the averments supporting the cancellation relief sought, and averred that his decedent executed the attacked transactions without any undue influence exercised upon him, and that he possessed mind and memory enough to do so, and in support of the attacked deed he averred the consideration therein expressed. He alleged that the personal property—other than the bank accounts—consisted of only a trifling amount of household goods and farming implements, worth less than the exemption to the widow and that it was turned over to her as her exempted share in her husband's estate, and, therefore, there was nothing that went into his hands to be settled or distributed. Issues were made on the validity of the transfer of the bank account, and the deed referred to, and the cause was referred to the Master Commissioner to take proof and report. After taking proof he made report upholding the attacked transfer and the attacked deed. Plaintiffs filed exceptions which the court over-

ruled and confirmed the report, to reverse which plaintiffs prosecute this appeal.

The attacked deed was dictated to a stenographer and transcribed by him (or to an attorney who later did the dictating) by defendant J. M. Roberts in the absence of his father, and which he stated in his testimony was pursuant to an understanding arrived at long before the latter was stricken with paralysis, and that—as a part of the stricken father's desire to replenish the already more or less bountiful estate of his son beyond that of any of the others—he also donated to him the bank account in the Hargis Bank and Trust Company. Of course, he says that at the time of such transactions the father was in his right mind and that he exercised no influence at all of any character in order to procure them.. However, practically every witness—both lay and professional—who saw A. A. Roberts after his stroke testified that the paralysis affected his mind equally as much if not more than its influence upon his physical body, and that according to their opinion at no time thereafter was he capable of understanding and comprehending the nature of such transactions. The only two physicians who testified in the case—one of whom attended him regularly—coincided therewith without qualification, and the circumstances in the case convince us beyond doubt that the two attacked transactions were made at a time when the stricken vendor and transferor was in such mental condition as to destroy the validity of each. He had to be propped up in bed to touch the pen making his mark to the deed, although he was able to and did write his name prior to his affliction. The record is absolutely barren of any fact upon which either of the transactions could be logically based, as supported by reason therefor, much less with fairness to the other heirs. It is true that the deed required J. M. Roberts at the death of his two parents to pay to the other heirs nominal designated amounts, but it also provided as drafted pursuant to the dictation of the vendee—that: "Upon the death of the first parties (A. A. Roberts and wife) the expenses of their sickness and funerals shall be paid out of the above mentioned payments (the small amount stipulated to be paid to the heirs) and charged against the amounts due each of said parties." It was, therefore, alleged that a large part of such amounts had been extinguished in meeting the expenses of the last sickness and funeral expenses of the

deceased, and which discharged pro tanto—according to the terms of the deed—the amounts therein agreed to be paid to the other heirs by the vendee therein. No reason was presented by the administrator in support of the transfer by his father to him of the Hargis Bank and Trust Company account. We are, therefore, more or less astonished at the conclusions of both the commissioner and the court in upholding either of the transactions in question. Therefore, after giving due consideration to them, we are constrained to hold that the evidence overwhelmingly sustains the attacks made by plaintiffs in their amended petition.

In briefs it is also argued that the transfer of the $2000 savings account in the First National Bank of Jackson to the surviving widow should also be set aside and that item treated as a part of decedent's estate. However, we find no pleading making any attack on that transaction and for which reason we are barred from reviewing the action of the commissioner, or the judgment of the court with reference to it. Before judgment rendered, the defendant J. M. Roberts died intestate and the cause was revived in the name of his only heir.

Wherefore, the judgment appealed from is reversed as to the administrator, with directions to set it aside and to sustain plaintiffs' exceptions to the commissioner's report as to him, and to set aside the deed made by decedent to him; to cancel and set aside the transfer to him of the Hargis Bank and Trust Company account, and then proceed to a settlement of the estate pursuant to equitable principles, and for other proceedings not inconsistent with this opinion.