## Elswick et al. v. Justice.

Oct. 3, 1941.

Stratton & Stephenson for appellants.

J. J. Moore for appellee.

OPINION OF THE COURT BY REES, CHIEF JUSTICE—Reversing.

On October 16, 1939, K. H. Elswick and Dixie Elswick executed their promissory note for $525 to James Bevins, W. K. Steele, and Zack Justice, and the payees endorsed the note and delivered it to the Pikeville National Bank & Trust Company. The Elswicks executed and delivered to Bevins, Steele, and Justice a mortgage on two tracts of land to secure them against loss by reason of their endorsement. The note was not paid at maturity, and the bank brought an action against the makers and the accommodation endorsers to recover the amount of the note, with interest, and prayed for a sale of the mortgaged real estate to satisfy the debt. No defense was made by any of the parties to the note, and a judgment was rendered against the makers and endorsers and the bank was adjudged a lien on the mortgaged real estate and the master commissioner was directed to sell it. The land was appraised at $800 by two appraisers appointed by the commissioner. The report of sale filed by the master commissioner showed that the property was purchased by Zack Justice, one of the endorsers, for the sum of $619.68, the amount of the debt, interest, and costs. K. H. Elswick filed exceptions to the report of sale in which he stated that the appraisement was grossly inadequate; that the two tracts contained 176 acres and were worth more than $3,000; and that the appraisers, by mistake or oversight, appraised one tract at $600 and the other at $200, or a total of

$800, when, in fact, the fair market value of the land was $3,000 to $4,000. He further stated in his exceptions that the appraisers, W. E. Blackburn and Ira Deskins, were never on the land and did not know and were not acquainted with the value of the improvements or the timber thereon, and that the small value fixed by them was brought about by lack of knowledge on their part as to what the property consisted of. The affidavits of several neighboring landowners were filed in which the value of the land was fixed at $2,840 to $3,250. It was shown by the county tax commissioner that the two tracts of land were assessed for taxation at $2,090. The statements of the two appraisers, in the form of depositions, were filed. Neither of the appraisers had been on the land for several years, and they were not acquainted with the condition of the improvements nor with the amount or value of the timber. W. E. Blackburn stated that in making the appraisement he was under the impression there were 70 acres in the two tracts, 30 acres on the lefthand side and 40 acres on the righthand side of the branch. The other appraiser, Ira Deskins, stated that in fixing the value of the land the appraisers acted upon the theory that the two tracts contained 80 acres, and they valued the surface with the improvements at $5 an acre and the coal and timber at $5 an acre, which made a total of $800. It is conceded that there are 176 acres in the two tracts. At $10 an acre, the value fixed by the appraisers, the appraised value should have been $1,760. The exceptions to the report of sale were overruled, and the Elswicks have appealed.

The appraisers, by their own admissions, made a mistake as to the amount of land ordered sold, and this affected the appraisement since they valued the land by the acre. They appraised only 80 acres, but the commissioner sold 176 acres. The mistake was one of fact not of judgment. The land sold for more than two-thirds of the value fixed by the appraisers, and the appellants have been deprived of their right of redemption solely by reason of the appraisers' mistake. Ordinarily a sale will not be set aside because of an incorrect valuation unless it is made to appear that the incorrect valuation was procured by fraud or resulted from mistake of fact by the appraisers. There is no claim of fraud in the present case, but it is satisfactorily shown that the

appraisers, in fixing the value of the land to be sold, acted on the belief that there were only 80 acres in the two tracts when, in fact, there were 176 acres. They did not appraise the land as an entirety, regardless of the acreage, but agreed on the value per acre and multiplied this by the number of acres they believed to be in the two tracts. The result was a grossly inadequate appraisement which, no doubt, adversely affected the sale. It is established by uncontradicted proof that the land sold for less than 25 per cent. of its actual value. Inadequacy of price alone is not sufficient ground to set aside a judicial sale, where interested parties labor under no disabilities, unless inadequacy is so great as to shock the conscience or create a presumption of fraud, Henderson v. Henderson, 266 Ky. 319, 98 S. W. (2d) 904; Melton v. Tipton, 264 Ky. 196, 94 S. W. (2d) 350, but where inadequacy of price is accompanied by circumstances which tend to cause it, the sale will be set aside. Henderson v. Henderson, supra; Koontz v. Butler, 238 Ky. 406, 38 S. W. (2d) 204.

In the case before us the inadequate appraisement resulted from the mistake of the appraisers in valuing only part of the land to be sold, clearly a mistake of fact, which not only tended to affect the price received at the sale but also deprived appellants of their right of redemption. Under the circumstances, we think the court should have sustained the exceptions to the master commissioner's report of sale and set aside the sale.

Judgment reversed, for proceedings consistent herewith.