### Allen et al. v. Francis et al.
Dec. 11, 1942.

A. H. Patton and G. C. Wilson for appellants.

Grannis Bach for appellees.

Opinion of the Court by Sims, Commissioner—Reversing.

The chancellor sustained exceptions to the master commissioner's report of sale and ordered a re-sale of the property on the same terms as set out in the original judgment, and the purchaser at the decretal sale appeals. This is a second appeal, the former opinion being reported in 277 Ky. 20, 125 S. W. (2d) 211.

Upon the case being returned to the circuit court, the chancellor entered judgment in conformity with that opinion, whereby a one-half undivided interest in the

farm of A. A. Roberts was directed to be sold and the proceeds divided among his heirs. The judgment directing the sale provided that the parties waived newspaper advertisements and that the sale was to be advertised by notices being posted as required by statute, Section 426.200, KRS. The interest to be sold in the property was duly appraised at $1,000 and Mrs. Margaret Campbell became the purchaser for $700 and executed bond.

J. M. Roberts, appellee on the former appeal, died and his daughter, Mrs. Marie Turner, filed exceptions to the commissioner's report of sale because: (a) She had not heard when the sale was to be, saw no notice of it, and did not know it was to be held on May 26, 1941; (b) she was prevented from attending the sale because on that day she was at the bedside of her sick daughter in Louisville; (c) the one-half undivided interest in the property is worth $1,000 and she will bid $850 therefor if the sale is set aside. The averments of the exceptions were supported by the affidavit of Mrs. Turner. Also, the affidavit of her attorney, Hon. Grannis Bach, was filed to the effect that he did not know the property had been advertised for sale until the commissioner started selling it, and his client was then in Louisville.

The general rule is that inadequacy of price standing alone is not sufficient ground for setting aside a judicial sale where the interested parties are under no disabilities, unless it is so great as to shock the conscience or create a presumption of fraud. Melton v. Tipton, 264 Ky. 196, 94 S. W. (2d) 350; Louisville Title Co. v. Ramsey, 258 Ky. 183, 79 S. W. (2d) 693; Henderson v. Henderson, 266 Ky. 319, 98 S. W. (2d) 904. But where inadequacy of price is accompanied by other circumstances, even though slight and not sufficient in themselves to justify the setting aside of the sale, or where there is an apparent unfairness or impropriety on the part of those connected with the sale, then it will be set aside. 35 C. J. 101-103, secs. 164, 165; Kentucky Joint Land Bank v. Fitzpatrick, 237 Ky. 624, 36 S. W. (2d) 25; Elswick v. Justice, 287 Ky. 632, 154 S. W. (2d) 714; Louisville Title Co. v. Ramsey, 258 Ky. 183, 79 S. W. (2d) 693.

It is admitted that a fair appraisal of this property is $1,000. It sold for $700, and Mrs. Turner was willing only to make it bring $850 on another sale. The

property brought 70% of its appraised value and the guaranteed price on the second sale sought is an increase of but slightly over 20%. If there were any inadequacy in the sale price, it was modest. The accompanying circumstances upon which Mrs. Turner relied to set aside the sale appear to be that she and her lawyer overlooked the sale since newspaper advertisement had been waived, and they did not see the notices posted up at the court house door. This was not unavoidable casualty upon their part, but rather is to be classed as their carelessness.

While the chancellor has a sound judicial discretion in confirming or setting aside a judicial sale, it must be exercised with due regard for the rights of all parties involved as measured by legal and equitable standards. Kentucky Joint Land Bank of Lexington v. Fitzpatrick, 237 Ky. 624, 36 S. W. (2d) 25. The policy of the law is to uphold such sales and it would be trifling with the stability of judicial sales, as well as the rights of purchasers, to permit one who had agreed to waive newspaper advertisment and then forgot the sale, to obtain a re-sale of the property because she was willing to up the price 20%. In the light of all the circumstances we are constrained to hold that the chancellor abused his judicial discretion in sustaining the exceptions to this sale.

A motion was made to dismiss the appeal, it being insisted that appellants had brought up only a partial transcript of the record and notice of the filing of the schedule was not served upon the appellee, Mrs. Turner, as required by Section 737, Civil Code of Practice. This motion was passed to merits. The schedule directed the clerk to copy the judgment, the report of sale, the exceptions filed thereto, the order sustaining same and all orders or pleadings in the case since the judgment was entered, including the schedule. This was the entire record made in the case since the former appeal was taken and the record thereof filed in this court. Therefore, the entire record was brought up which in any way related to the question before us. It has been written it is not necessary to file the schedule mentioned in Section 737 where the entire record is brought up. Grubbs v. Fish, 97 S. W. 258, 29 Ky. Law Rep. 1291; Strother v. McClave, 264 Ky. 121, 94 S. W. (2d) 310. This being true, it naturally follows it is not necessary to serve notice of the

filing of the schedule where no schedule is required. The motion to dismiss the appeal is overruled.

The judgment sustaining the exceptions to the report of sale is reversed with directions that one be entered overruling the exceptions and sustaining the report of sale.