# City of Louisa et al. v. Burns et al.

Oct. 26, 1943.

John T. Diederich for appellants.

C. F. See, Jr., and Clyde L. Miller for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In 1928, the Big Sandy Building & Loan Association loaned Guy L. Burns $2,500 on a house and lot which he owned in Louisa. When this loan was made there were street improvement bonds against the property amounting to some $850. Suit was instituted against Burns by the City for the benefit of the bondholders, and in 1932 a prior lien was adjudged in favor of the City and a secondary lien was adjudged in favor of the Building & Loan Association for its debt. In November, 1935, Burns waived advertisement, and in December of that year the property, which had been appraised at $2,000 was purchased by the City for the amount of the improvement bonds. In October, 1937, an order was entered setting aside the sale because the Building & Loan Association had not waived advertisement, and a resale was directed. The property was again appraised at $2,000 and in De-

cember, 1937, the city attorney became the purchaser on a bid of $400. He executed bond for that amount. In January, 1938, the city attorney filed a statement in which he sought to increase his bid from $400 to $1,100. On the same day he assigned his increased bid to the bondholders, after having executed bond for the increased amount. The assignment of the bid shows that the bondholders were objecting to the increased bid. They were insisting that the sale should be set aside because of the inadequacy of the price. After the second sale Burns tendered the city attorney $440 for his bid, and a year thereafter he filed an affidavit setting forth that the city attorney had refused to accept the amount tendered. Burns notified the city attorney and the bondholders that he would move the court to direct him to whom the redemption money should be paid, and he also asked that the $400 bid be confirmed and the increased bid stricken from the record. In June, 1939, the City asked that the second sale be set aside, and in support of its motion it filed affidavits of the bondholders wherein they set forth that the City and its attorney had been instructed to bid in all properties on which they owned bonds for the amount of the debt, interest and costs; that the $400 bid of the city attorney at the second sale was grossly inadequate, and had they had notice of the sale they would have bid the amount of their debt, interest and costs; and that, if the property were sold again, they would bid that amount. The bondholders then sought to intervene in the cause. In their intervening petition, which the court would not permit to be filed, they set up the additional grounds that the first sale was set aside without motion or notice to them and without their knowledge and consent, and that the master commissioner was the attorney for the Building & Loan Association and the Association's check had been tendered to the city attorney by Burns when he sought to redeem the property for $440. The order from which this appeal is being prosecuted struck the increased bid, set aside the sale and ordered the $440 redemption money paid into court.

The City, on behalf of the bondholders, is insisting that the sale was properly set aside, but that the property should be resold. Burns and the Building & Loan Association take the position that the property has been redeemed and there can be no resale. Should the contention of the appellees be upheld, the street improvement

bonds, which probably amount to considerably more than $1,200, including interest, would be satisfied by the payment of $440 and the Building & Loan Association, which started out with the second lien, would have first claim on the property. We are not disposed to sanction any such arrangement.

The chancellor has a sound discretion in confirming or setting aside a judicial sale, but that discretion must be exercised with due regard for the rights of all parties. Allen v. Francis, 292 Ky. 412, 166 S. W. (2d) 877. We do not think the chancellor abused his discretion when he set aside the first sale because no waiver of advertisement was made by the Building & Loan Association. On the other hand, we believe he should have directed that the property be resold when he set aside the second sale. The objections of the City and the bondholders were made seasonably. We are not familiar with any proceeding in this jurisdiction which would warrant the increasing of a bid, but the bondholders had a right to rely upon their agreement with the City to the effect that, in case of the sale of property on which they had improvement bonds, it would bid the amount of the debt, interest and costs. Obviously, the amount of the city attorney's bid of $400 at the second sale was grossly inadequate. While the inadequacy of the price of itself might not have authorized the setting aside of the sale, this, coupled with the facts that the master commissioner was attorney for the Building & Loan Association, and that it was the Association's money which Burns tendered to the city attorney, would be sufficient to so do. Under the circumstances, we do not believe the chancellor exercised his discretion with due regard for the rights of all the parties concerned.

It is our conclusion, therefore, that the judgment should be and it is reversed, with directions that it be set aside, and for proceedings consistent with this opinion, which will include a resale of the property.