Clyde E. VINCENT et al., Appellants,

v.

ALLIED BUILDING CREDITS, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Sept. 30, 1955.

As Modified on Denial of Rehearing Feb. 10, 1956.

 

C. C. Adams, Williamstown, Clyde E. Vincent, Covington, for appellant.

L. M. Ackman, Lee Lanter, Williamstown, for appellee.

CULLEN, Commissioner.

The questions presented on this appeal concern the validity of a judicial resale of certain real estate.

In 1946 C. E. Vincent and his wife and L. E. Grolock owned the piece of property in controversy. In the same year they obtained a loan from the Grant County Deposit Bank in the sum of $15,000, secured by two promissory notes and a mortgage. In 1947, Grolock conveyed his undivided one-half interest to Vincent. In 1949, Vincent sold the property subject to the mortgage to one Warwick, who in turn conveyed the property subject to the mortgage to one Binkley. During the time that Warwick and Binkley held the property they incurred debts in improving the property which they were unable to repay. Their creditors brought suit against them and the Grant County Deposit Bank filed an answer and counterclaim in both suits setting out its prior mortgage lien. Two later suits were filed against Binkley for labor and materials furnished for the improvement of the property.

On July 14, 1952, a judgment and order of sale was entered consolidating the above-mentioned cases and providing that the mortgage lien of the bank be first paid and the balance retained as a fund in court to pay the claims of the other creditors. The sale was held September 8, 1952, and the purchaser was the appellant Vincent, whose bid was $13,500. A purchase money bond was given by Vincent for the full amount of the purchase price, with Frank Sargent as surety. After the expiration of the allotted six months and an additional four months, the purchase money bond remained unpaid. On July 15, 1953, the court ordered execution upon the properties of Vincent and Sargent, but enforcement of the execution was delayed.

On August 22, 1953, Vincent filed a written motion asking the court to resell the property. On the same day the appellee bank filed a motion agreeing to a resale of the property without prejudice to its rights and subject to the same terms and conditions and directions as in the original judgment. At the end of this motion there is a certification by L. M. Ackman, attorney for the bank, to the effect that he that same day mailed notice to Vincent and his attorney and surety. The order was issued on the same day and here also Mr. Ackman states that he gave notice to the above-mentioned parties by mail. The order overruling Vincent's motion to set aside the order for resale recites that the office files of Mr. Ackman revealed a carbon copy of a letter sent to Mr. Walton, attorney for Vincent, stating the date that the resale was to take place and this letter was mailed on the same date that the order was sent. It is pertinent to point out also that the notice of resale was advertised in the local paper for the required three weeks.

On October 12, 1953, the resale was held and the property was sold to one Lee Lanter for $6,590. On April 19, 1954, orders for deed and for distribution were made.

On May 5, 1954, the appellants filed their motion to set aside the resale of the property. This motion, together with a supplemental motion filed on July 2, 1954, alleged as grounds for setting aside the resale that: (1) The order for resale did not contain an order setting aside the former sale; (2) the price paid for the property at the second sale was grossly inadequate and sacrificial; and (3) the Veterans Administration, as guarantor of the two notes sued on by the appellees, was not made a party to this action. The further grounds are asserted in appellants' brief that they were not given notice of the resale, and that the order for a deed of conveyance on resale was made during vacation without notice to them.

It is from the order of the Grant Circuit Court overruling the motions to set aside the resale that this appeal is taken.

The appellants' contention that the order for resale should have contained an order setting aside the former sale, is without merit in our opinion. The basis of the contention is that prospective purchasers at the resale would be reluctant to bid because of uncertainty as to the rights of the purchaser under the first sale. There was no occasion for any such uncertainty here, because the purchaser at the first sale was the person who had moved for the resale.

As concerns the contention of inadequacy of the resale price, the rule is that a judicial sale will not be vacated or set aside for mere inadequacy of price, unless the inadequacy is so gross as to raise a presumption of fraud or to shock the conscience of the court. The appellant here does not allege fraud. The resale price of $6,590 was approximately 65 percent of the value of $10,000 at which the property was appraised for sale. This cannot be said to be so disproportionate as to shock the conscience. Nor can it be said that it creates the presumption of fraud or misconduct on the part of any of the parties. This court has held that a price of 59½ percent of the appraised value was not so inadequate as to require setting aside a sale. Kentucky Joint Land Bank of Lexington v. Fitzpatrick, 237 Ky. 624, 36 S.W.2d 25.

We can conceive of no injury to the rights of the appellants that could have resulted from the failure to make the Veterans Administration a party to the original action.

The record does not bear out the contention of the appellants that they received no notice of the resale. Furthermore, there was no real necessity that they be given notice, because it was upon their own motion that the resale was ordered.

The failure to give the appellants notice of the application for an order for a deed of conveyance on the resale could have significance only as it would affect the right of the appellants to assert grounds

for the invalidity of the resale, and since the court has considered all grounds raised by the appellants and found them to be without merit, the lack of notice could not have been prejudicial.

The judgment is affirmed.