**Virgil GROSS, Appellant,**

v.

**Conda GROSS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 6, 1961.

Rehearing Denied Nov. 22, 1961.

Don A. Ward, Wm. Melton, Hazard, for appellant.

Harold G. Wells, Hazard, for appellees.

STANLEY, Commissioner.

The appeal is from a judgment setting aside a judicial sale of residence property in Walkertown, Perry County, for a division of the proceeds. KRS 389.020(1) (b). The appellant, Virgil Gross, owned five-sevenths interest in the property and his two brothers, appellees Conda and Everett Gross, owned two-sevenths.

The Master Commissioner's report of sale was that after due advertisement the property was offered at public auction, and the plaintiff, Virgil Gross, made the highest and best bid of $500 and thereby became the purchaser. The defendants filed exceptions to the report on the sole ground that the price was grossly inadequate. Plaintiff's response recited that the property had belonged to the mother of the parties; that he had maintained a home and provided for her for twenty years, had paid large medical expenses and the cost of her funeral, and had expended $4,000 for improvements,

insurance and taxes on the home, and that in consideration of those facts, three of his brothers and his sister had conveyed their interests in the property to him. The response further stated that the defendants had notice of the sale and had submitted no bid, that many persons were present and that he was the only person to make a bid, and because of all these things, the price should not be regarded as so grossly inadequate as to shock the conscience of the court. The defendants denied the allegations of the response. Depositions were taken on the issues, but the evidence is not brought here. There is nothing in the record showing the value of the property except a recitation in the order of the court that the only evidence of value was that introduced by the defendants that the property was worth $10,500. The court ruled that the $500 bid "shocked the conscience of the court," hence, the sale should be set aside.

■ It is a salutary policy to engender and maintain confidence in the stability of sales made by a court. Louisville Title Co. v. Ramsey, 258 Ky. 183, 79 S.W.2d 693; Melton v. Tipton, 264 Ky. 196, 94 S.W.2d 350; Allen v. Francis, 292 Ky. 412, 166 S.W.2d 877. Such a sale ought not to be lightly disapproved where it was conducted in a fair and regular manner, and confirmation ought not to be refused except for substantial reasons.

■ We have often recognized that it is within the sound discretion of the circuit court to confirm or vacate a sale and that the court's exercise of that discretion will not be disturbed unless it appears to this court to have been abused in the judicial sense. But the trial court and this court must have "due regard for the rights of all the parties involved as measured by legal and equitable standards." Kentucky Joint Land Bank of Lexington v. Fitzpatrick, 237 Ky. 624, 36 S.W.2d 25, 26. And, as said in that opinion, "Among those standards is the well-established rule that inadequacy of price alone is not a sufficient ground for set-

ting aside a judicial sale, where the interested parties labor under no disabilities, unless the inadequacy is so great as to shock the conscience or create the presumption of fraud. But where the inadequacy is accompanied by circumstances, though only slight and insufficient in themselves, which tend to cause it, or where it is attended by apparent unfairness or impropriety or oppression on the part of those connected with the sale, the sale ought to be and will be set aside."

■ This standard has been stated many times. It was said in Burchfield v. Asher, 222 Ky. 108, 300 S.W. 331, 333: "It is well settled that mere inadequacy of consideration is not a sufficient ground upon which to set aside a decretal sale, though if inadequacy exists very slight evidence of fraud in connection therewith is sufficient for that purpose." Greer v. McAninch, 226 Ky. 644, 11 S.W.2d 696; Douthitt v. Guardian Life Insurance Co., 235 Ky. 328, 31 S.W.2d 377.

■ There will be found in our opinions statements of the alternative condition that a sale should be set aside for inadequacy of price which raises a presumption of irregularity *or* which shocks the conscience of the court. See Vincent v. Allied Building Credits, Ky., 286 S.W.2d 84. The condition "or which shocks the conscience of the court" standing alone may be too abstract and broad. An examination of the many cases shows the *decisions* affirming judgments or directing the setting aside of sales were based upon the presence of some slight circumstance of unfairness or irregularity accompanying great inadequacy of price and that there was a combination which resulted in shocking the conscience of the court or that the rights of creditors or infants were or would be affected. See Carter v. Howard, 183 Ky. 356, 209 S.W. 51.

■ There seems to be a distinction, which is at least lurking in our opinions, as to the weight to be given the sole ground of inadequate price, or of price disproportionate to the real value of the property sold,

where the interests of third parties, such as creditors or infants, were involved, and where, as here, all parties were sui juris and the sale was for a division of the proceeds because the property could not be divided in kind. Other elements or factors should be taken into consideration when the court's conscience is to determine the question of affirming or disaffirming the Commissioner's report of sale. The purchaser acquires a substantial and equitable right. In the present case there was no claim of any kind of irregularity or unfairness in the manner in which the sale was conducted. The only claim was that the property was sold too cheap to the party who owned five-sevenths of it. The objectors stood by and did nothing to protect their interests. Good faith and a proper regard for the judicial proceeding were not observed by them. Their belated voices are so weak they should not have troubled the latent conscience of the circuit court, even as they have not troubled the conscience of this court. We conclude that the trial court was in error in setting aside the sale and should now enter judgment confirming it.

Judgment reversed.