RENDERED: AUGUST 18, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0362-MR

ALETHA CARROLL COMBS　　　　　　　　　　　　　　APPELLANT

v.　　　　　APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 18-CI-00083

KAREN RENEER; BARBARA
MCCRACKEN; CAPITAL ONE NA
CORPORATION; COLUMBUS
MCCRACKEN; JEFFREY RENEER;
LVNV FUNDING, LLC; AND
MIDLAND FUNDING, LLC　　　　　　　　　　　　　　APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND JONES, JUDGES.

EASTON, JUDGE: Aletha Carroll Combs ("Combs") appeals from the Grayson

Circuit Court's Order, entered on March 3, 2022, approving a Master

Commissioner sale of real property Combs owned jointly with the Appellee

("Reneer"). Reneer was the successful bidder at the partition sale with a bid of

$1.00.  Combs argues the trial court erred by ruling the sale price was not so low compared to the value of the property as to shock the conscience.  The trial court correctly applied the law, which required consideration of all the attendant circumstances, not just the sales price.  Because the trial court did not abuse its discretion, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In June 2009, Combs purchased property located at 1799 Walnut Grove Road, in Caneyville, Kentucky.  The property consists of a home and approximately five surrounding acres.  Combs states she paid $31,000.00 down, with the remaining $74,000.00 of the sale price being secured by a mortgage held by the sellers (the "McCrackens").

On June 15, 2012, Reneer became a joint owner of the property with Combs.  The 2012 deed created a joint tenancy with right of survivorship.  Significantly, both Combs and Reneer acknowledged the value of the property in 2012 was $71,000.00, an amount less than the recent mortgage amount.  A new mortgage was filed by the McCrackens with both Combs and Reneer as mortgagors, with a debt of $62,336.09, the balance owed on the previous debt.

It is undisputed Reneer made **all** the mortgage payments since June 15, 2012.  Further, Reneer has had possession and has resided at the subject property since 2012.  As a result, Reneer has been solely responsible for its daily

maintenance. Reneer testified the mortgage balance owed on the subject property was $2,854.14 as of February 2, 2022. Reneer testified she intended to make monthly payments until the mortgage was paid in full.

On April 2, 2018, Combs filed an action in the Grayson Circuit Court pursuant to KRS[1] 389A.030 for a partition sale of the property and for the trial court to award her share of the proceeds to her. In her petition, Combs alleged Reneer deprived Combs of the use and enjoyment of personal property located and stored on the premises, which is a separate issue from the value of the real estate.

On February 10, 2021, Combs filed a "Motion for Judgment Upon the Pleadings and to Refer to Master Commissioner." This almost three-year delay resulted at least in part from multiple judgment liens attached to the property for unpaid debts of the parties. These lienholders had to be made parties to the case and their liens addressed by default judgments, or otherwise, prior to the sale.

Neither party contested the presumption the property could not be partitioned without materially impairing its value. KRS 389A.030(3). Combs insisted on selling the property. By Order entered on May 21, 2021, the property was referred to the Master Commissioner for sale. The Order stipulated the property would be sold on July 6, 2021, at 12:00 p.m. local time.

---

[1] Kentucky Revised Statutes.

Pursuant to the court order, the Master Commissioner filed a Notice of Sale on June 2, 2021, which stated the subject property would be advertised for two weeks in the Grayson County Record newspaper. The sale of the property was subsequently advertised in the Grayson County Record on June 24, 2021, and July 1, 2021. When the property was sold at the Master Commissioner sale, Reneer was the only and highest bidder with a bid of $1.00. It is undisputed Combs did not attend the sale and did not make any bids herself or through any agent.

Combs then filed a "Notice and Objection to Report of Sale" on July 13, 2021, asking the trial court to set aside the sale, asserting the sale price was so low compared to the actual value of the property as to shock the conscience of the court and create a presumption of fraud. On August 23, 2021, the trial court sent the two feuding parties to mediation. Mediation took place on November 18, 2021, but the parties could not reach an agreement.

Pursuant to the Order entered on March 3, 2022, the trial court denied Combs' motion to set aside the sale and confirmed the sale of the subject property. The trial court found no evidence of fraud or unfairness relating to the sale. After the parties failed to resolve their disagreement in court-ordered mediation, the trial court concluded the bid of $1.00 did not shock the conscience in the circumstances, in part because the bid came from a joint owner who paid all mortgage payments since 2012.

## STANDARD OF REVIEW

We start with the recognition partition or sale of jointly held property is historically within the equity jurisdiction of the circuit court. *See, e.g.*, *Faulkner v. Terrell*, 287 S.W.2d 409 (Ky. 1956). "The circuit court's decision to confirm or vacate a judicial sale is reviewed for an abuse of discretion." *U.S. Bank National Association v. Courtyards University of Kentucky*, 594 S.W.3d 205, 209 (Ky. App. 2019) (citations omitted). "The test for abuse of discretion is whether the trial court's decision was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id*. When confirming a sale, the discretion of the trial court must rest on consideration of all facts and circumstances. *Kentucky Joint Land Bank of Lexington v. Fitzpatrick*, 36 S.W.2d 25, 26 (Ky. 1931). Review of the trial court's findings of fact shall not be set aside unless they were clearly erroneous. CR[2] 52.01. A trial court's findings of fact are not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

## ANALYSIS

Combs argues the accepted bid of $1.00 received in the sale of the subject property is so grossly inadequate that it alone "shocks the conscience" and therefore the sale should be set aside. The value of the subject property has been

---

[2] Kentucky Rules of Civil Procedure.

valued at not less than $71,000.00 (the value to which Combs specifically agreed with Reneer when the joint deed was entered) and as much as $105,000.00. "Whatever the value of the property, it has long been the rule in this jurisdiction that mere inadequacy of price is an insufficient ground for setting aside a judicial sale." *U.S. Bank*, 594 S.W.3d at 208 (citations omitted).

"For an inadequate price to require reversal of a judicial sale, the price in the original sale must be so grossly inadequate as to 'shock the conscience' of the trial court or raise the presumption of fraud." *Id.* (citations omitted). Other circumstances may justify relief: "where the inadequacy is accompanied by circumstances, though only slight and insufficient in themselves, which tend to cause it, or where it is attended by apparent unfairness or impropriety or oppression on the part of those connected with the sale, the sale ought to be and will be set aside." *Gross v. Gross*, 350 S.W.2d 470, 471 (Ky. 1961).

*Gross* is the most applicable Kentucky case cited by the parties. In *Gross*, a partition sale of jointly held property yielded a bid price of $500.00 for a property appraised at $10,500.00. *Id*. The court in *Gross* did not set aside the sale. *Id*. at 472. Our former Court of Appeals ruled, although the property's value was twenty-one times higher than the sale price, the property was sold to someone who owned 5/7ths of the property; therefore, the sale did not shock the conscience of the court and the sale was not set aside. Also noted in support of the decision were

the circumstances of the bidder having provided for the prior owner and improvements made by the bidder to the property. *Id.* at 470-71. The court in *Gross* noted a judicial sale "ought not to be lightly disapproved where it was conducted in a fair and regular manner, and confirmation ought not to be refused except for substantial reasons." *Id.* at 471.

On its face, a mere bid of $1.00 for real property may "shock the conscience," but here, many attendant circumstances counsel against this conclusion in this case. Here the Master Commissioner advertised the property for a period of two weeks in the local newspaper. Combs was free to individually encourage bidders or bid herself. The trial court found the subject property was one of six properties up for sale at the Master Commissioner sale. The trial court found the sale was well-attended, and there were many potential bidders present that day. Just as Combs may not ask us to conjecture some collusion or other irregularity explaining the lack of another bid, we should not conjecture the lack of other bids may be explained by the hesitance of other bidders to involve themselves in a feud between joint owners on a piece of property with documented multiple liens on it.

The trial court also did not immediately approve of the sale after the auction's end. The trial court sent the parties to mediation in a final failed effort to resolve the parties' dispute. Only after the parties' unsuccessful mediation did the

trial court confirm the sale of the property for $1.00. Looking to these facts, Combs simply did not provide evidence of any fraud or wrongdoing concerning the Master Commissioner sale. The record supports the trial court's finding of no irregularities in the sale.

It is undisputed Combs did not bid on the property or attend the sale. Combs suggests the reason may have been a misapprehension on her part as to the applicability of KRS 330.220(6)(b). This statute prohibits an owner of property from bidding at an absolute auction. The statute is part of the regulation of licenses for auctioneers. It does not apply to judicial sales by master commissioners. If Combs was under this misapprehension, this would not be the fault of Reneer or constitute any evidence of fraud or other irregularity in the sale. *See U.S. Bank*, 594 S.W.3d at 210 (confusion or mistake by party who failed to bid was not a basis to set aside properly conducted sale).

In *Gross*, the appellants also failed to appear and bid at the sale. *Gross*, 350 S.W.2d at 471. The court in *Gross* stated, "[t]he objectors stood by and did nothing to protect their interests. Good faith and a proper regard for the judicial proceeding were not observed by them. Their belated voices are so weak they should not have troubled the latent conscience of the circuit court, even as they have not troubled the conscience of this court." *Id*. at 472.

The learned Commissioner Stanley authored the opinion in *Gross*. In his analysis, Commissioner Stanley noted the concept of a price alone shocking the conscience as "too abstract and broad." *Id*. at 471. In those cases when the sale is set aside, circumstances other than price were always present.

Other states which have addressed these situations agree the case which shocks the conscience of the court "can **never** be reduced to a mathematical formula." *Looper v. Madison Guar. Sav. & Loan Ass'n*, 729 S.W.2d 156, 157 (Ark. 1987) (emphasis added). All circumstances must figure into the analysis. *Id*. The court in *Looper* further recognized the conscience to be shocked is that of the trial court, not the appellate court. *Id*. This Court reviews only to determine if the trial court abused its discretion.

## CONCLUSION

The Grayson Circuit Court considered all the circumstances of this judicial sale and in its discretion declined to set it aside. There was no abuse of discretion. Accordingly, the Order of the Grayson Circuit Court confirming the sale entered on March 3, 2022, is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joseph M. Harris, Jr.
Leitchfield, Kentucky

BRIEF FOR APPELLEE:

Kevin A. Groseclose
Leitchfield, Kentucky